MEACHAM *against* AARON AUSTIN and others.

CASE reserved.

At the term of the Superior Court, held at *Litchfield*, in *February*, 1811, *Gould* and *Bacon*, in behalf of *Russell Meacham*, moved, that a writ of *mandamus* might be issued to *Aaron Austin* and others, judges of the County Court, for the county of *Litchfield*, requiring and enjoining them, at the then next term of the County Court, to order the verdict of a jury, rendered in a certain *qui tam* prosecution, pending before such court, wherein *Meacham* was complainant, and one *Flavel Beckwith* was defendant, to be recorded, and to proceed therein to final judgment.

This motion was made under the following circumstances: *Meacham* filed an information in his own name and behalf, and in the name and behalf of the state, against *Beckwith*, before the County Court held at *Litchfield*, in *September*, 1809, charging him with having stolen, and carried away from, and out of the possession of the complainant, a certain promissory note, the property of the complainant, and of the value of 50 dollars. The information was in the usual form. *Beckwith* was arrested by virtue of this process, and brought, forthwith, before the court. He entered a recognizance for his appearing at the next term of the court; at which term the parties appeared by attorney, and upon the issue of *not guilty*, the jury found a verdict against the defendant. The court did not accept this verdict, but returned the jury to a second consideration of the cause; and they not agreeing on any verdict, the court, by their request, received back the papers from them, and by consent of the parties, ordered the cause to be continued. At the next term, a second trial was had, before a new jury. On this trial, a verdict was found for the defendant, which was accepted by the court, and upon which, final judgment was rendered. The first verdict, was lodged on file with the other papers relating to the cause, but was not recorded.

V OL. V. E e

In a *qui tam* prosecution for theft, before the County Court, the jury found a verdict of *guilty;* but the court refusing to accept the verdict, returned them to a second consideration of the cause; and they not agreeing on any verdict, were discharged from any further consideration thereof, and delivered up the papers to the court. The pleadings and trial of the cause, were conducted, in all respects, according to the practice in civil actions. Held, that such proceedings were irregular, and that a writ of *mandamus*, requiring the County Court to record such verdict, and to proceed therein to final judgment, could not be issued.

On the first trial, the complainant objected to the proceedings of the court, in rejecting the verdict of the jury, and in returning them to a second consideration of the cause; and also, on the second trial, he objected to the acceptance of the second verdict, and the order of the court, directing it to be recorded; and contended, that the first verdict ought to be accepted and recorded, and that final judgment should be rendered accordingly; but these objections were overruled by the court. The judgment of the County Court was reversed, on a writ of error brought to the Superior Court, in *August*, 1810.

Upon this representation of the case, the Superior Court issued a *mandamus* to the County Court, requiring and enjoining them to record the first verdict of the jury, at their next term in *March*, 1811, and to proceed to final judgment therein; or to shew cause to the contrary thereof, to the Superior Court, at their term in *August* then next.

The County Court having been duly served with notice of this order, made their return to the Superior Court in *August*, 1811. They omitted to record the verdict, according to the requirement of the *mandamus*; and in their return, assigned, substantially, the following reasons for such omission.

1. That the court, in directing the trial of the cause, and the counsel employed to manage the same, treated it, in all respects, as a civil, and not as a criminal proceeding.

2. That the verdict was not accepted by the court, and that, therefore, it constituted no part of the record in the cause.

3. That the record of the cause was removed, by writ of error, to the Superior Court, whereupon, the judgment of the County Court was reversed. Under such circumstances as these, the Court deemed it improper for them to direct any further proceedings in the cause.

The question arising upon the preceding facts, was, whether the *mandamus* should be made absolute? which question was reserved for the advice of the nine Judges.

*Gould* and *Bacon*, in favour of making the *mandamus* absolute. The Superior Court possesses the general power of

superintending all inferior tribunals. In this respect, its powers are similar to those of the superior courts in *England.* In that country, the courts of Chancery and *King's Bench,* are authorised to issue mandatory process to " any person, corporation, or inferior court of judicature, requiring them to perform some specified thing appertaining to their office and duty." 3 *Blk. Com.* 110. *Brooke* v. *Envers* & ux. 1 *Str.* 113. *Amherst's* case, *T. Raym.* 214. The doctrine established by these authorities, has been frequently recognized in this country. *Strong's* case, *Kirby,* 345. *Fish* v. *Weatherwax,* 2 *Johns. Ca.* 215. *Haight* v. *Turner,* 2 *Johns. Rep.* 371. *Sikes* v. *Ransom,* 6 *Johns. Rep.* 280.

The County Court have omitted to record the verdict, and have elected to assign reasons for their omission. It is within the province of the court to judge of the sufficiency or insufficiency of these reasons : If they be judged sufficient, no further proceedings can be had ; but if otherwise, the order to the County Court, to record the verdict, will be made absolute. We contend, that the return of the County Court, is insufficient ; and that, therefore, the rule for a *peremptory mandamus,* ought to be made absolute.

*Daggett* and *N. B. Benedict,* contra.

MITCHELL, Ch. J. In this case, the only material question is, whether it was the duty of the County Court, under the circumstances detailed in the motion and return, to record the first verdict given, and render judgment thereon ?

The power of the Superior Court to superintend inferior jurisdictions, and to issue a *mandamus,* to compel them to do justice, by the exercise of the authority they are invested with, cannot admit of a doubt. Although we have no statute which particularly confers this power, yet, the statute which gives this court jurisdiction, in all civil cases, between party and party, whether the same concern the realty or personalty, or relate to debt, contract, or any other personal right or injury, brought before them by appeal, writ of error, *scire facias,* complaint, or otherwise, as the law directs, is sufficiently broad and comprehensive to authorise and empower the Superior Court, to hear the complaint of the party

Nov. 1811.

MEACHAM
*v.*
AUSTIN.

injured by a refusal or neglect of an inferior tribunal, to do justice, and give redress. This power has, accordingly, been frequently exercised ; and without such interposition, there might be a failure of justice. But there does not appear to be sufficient ground for exercising this power, in the present case ; which, although criminal in its form and consequences, was, by the County Court, upon the trial, considered as a civil suit. Under this persuasion, the prisoner was permitted to plead by attorney ; and the jury were sworn and impannelled, as the law provides in civil cases.

The action was commenced by forthwith process, and corporal punishment would have been the consequence of conviction. Cases of this description have, by this court, been adjudged to be criminal. Of course, all the previous steps taken to obtain the verdict, were altogether irregular and improper ; the delinquent should have been arraigned, and required to plead in *propria persona ;* the oath prescribed by law for jurors in criminal cases, should have been administered. The verdict having been thus irregularly obtained, was not a legal verdict, but a mere nullity. It neither acquitted nor convicted the prisoner, and was of no more validity in law, than the joint opinion of any other twelve freeholders in the county, who were not under oath. It did not ascertain any right the complainant had, or lay any foundation whereon to ground a judgment of a court of law.

Had the court proceeded to record it, and render judgment, and inflict corporal punishment upon the accused, their proceedings would have been in direct violation of their duty and the law, and their record erroneous.

The court, very properly, stopped in that stage of their proceedings ; and in so doing, they are not chargeable with any neglect, or of withholding any right, to which the complainant is entitled. The motion cannot be granted.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN and INGERSOLL, Js. concurred in this opinion.

REEVE, and SWIFT, Js. dissented.

*Peremptory mandamus* not advised.