NEW-YORK,<br>Oct. 1812.<br><br>MIDBERRY<br>v.<br>COLLINS.

The defendant moved for a new trial; 1. Because there was not sufficient evidence of the seisin and death of *Ferris*; 2. Because the release offered in evidence by the defendant was improperly rejected.

*Skinner*, for the defendant.

*Z. R. Shepherd*, contra, cited the case of *Hitchcock* v. *Harrington*. (6 *Johns. Rep*. 290.)

---

## MIDBERRY *against* COLLINS AND MEAD, OVERSEERS OF THE POOR OF NORWICH.

AN alternative *mandamus* had been issued, pursuant to a rule of this court, directed to the judges and assistant justices of the court of common pleas of *Chenango* county, commanding them to sign and seal a *bill of exceptions*, which had been tendered by the defendant in the above cause, or show cause, &c. One of the judges signed the bill of exceptions, and two of them made a separate return, under their hands and seals.

Where on the return to an alternative mandamus, commanding the judges of a court of common pleas to sign and seal a bill of exceptions, or show cause, &c. it appeared, that

the bill of exceptions was not tendered to the judges at the trial, but was presented to them individually, at different times, after the court had adjourned for the term, this court refused to grant a *peremptory mandamus*.

The facts on which a bill of exceptions is taken must be reduced to writing at the time, and presented distinctly to the court, during the trial, or, at least, during the continuance of the term.

NEWYORK,      The return stated that the cause came on to be tried, at the last
Oct 1812.  *October* term, before the *Chenango* common pleas ; that several
MIDBERRY  of the material facts stated in the bill of exceptions were incorrect
v.        and untrue ; that the bill was not tendered at the trial, but present-
COLLINS.  ed to the judges individually, at different times, after the court had
adjourned for the term, and the statements in the bill were found
to be untrue ; that the court did not decide that two of the jurors
should be excluded as witnesses, on account of their interest, but
referred the question of their competency to triors ; that the con-
tract between the overseers of the poor of the town was offer-
ed in evidence, and read, only to show the division of the poor
money, and not read or relied on as evidence of the contract on
which the suit was brought; that the court did not refuse, as sta-
ted in the bill of exceptions, to permit *Calkins* to swear that the
contract was conditional, but he and two other witnesses testified
that there was no condition ; that the court did not refuse to charge
the jury on the law and the fact, but did so charge them; that
from the length of time elapsed since the trial, the judges cannot
recollect all the material facts in the case with sufficient certainty.

On reading this return, a motion was made for a peremptory
*mandamus.*

*Per Curiam.* The fact stated in the return of the two judges,
that the bill of exceptions was not tendered at the trial, but pre-
sented to the judges individually, after the term had ended, is suf-
ficient cause for denying the present motion. The facts attend-
ing a trial are extremely liable to be mistaken or forgotten, if they
are not reduced to writing at the time, and presented distinctly to
the court during the continuance of the term. As this bill was not
tendered until the subsequent vacation, we will not now award
process to compel the judges to sign it. The reasons upon which
the court refused to grant a like motion, in the case of *Sikes* v.
*Ransom,* (6 *Johns. Rep.* 279.) apply to this case.

Motion denied.