*By an act of the Legislature, passed 9th day of January, 1828, a seventh Circuit was established, and the Honorable Sion L. Perry was, on the same day, elected Judge of said Circuit.*

CASES DETERMINED AT THE TERM OF THE FIRST MONDAY
IN JANUARY, 1828, AT TUSCALOOSA.

### PRESENT AT THIS TERM,

JUDGES SAFFOLD, GAYLE, WHITE, TAYLOR AND CRENSHAW AND JUDGE PERRY ON AND AFTER THE FOURTEENTH DAY OF JANUARY.

*The Court appointed Judge Saffold Chief Justice, pro tem.*

---

THE PRESIDENT, DIRECTORS & CO. OF THE TOMBECK-
BEE BANK v. MALONE & CO.

Exceptions not certified by the presiding Judge, or noted in writing at the trial, cannot be considered as on the record.

THIS cause was tried at May term, 1823, of the Circuit Court of Washington county, Judge Webb presiding. The writ of error issued 6th April, 1826. The plaintiffs here assigned as error, that the Court below misdirected the jury. No bill of exceptions appeared in the record. At July term, 1826, (the same at which the record was

JANUARY 1828.

Tombeckbee
Bank
v.
Malone.

filed here,) the counsel for the plain·iffs in error, filed a bill of exceptions, written by him, but not signed or sealed by the Judge, stating two exceptions, the first of which was to the charge of the Court to the jury on the trial. A letter from the Judge to him, (without date,) saying, that he had declined for the present to sign the bill of exceptions, because a point was presented in it which he did not recollect to have been made at the trial.    A statement of the evidence, in the Judge's hand writing, and his (the attorney for plaintiffs) affidavit, that the first of the foregoing exceptions, was truly taken at the time of the trial ; that the facts therein stated are true : that the letter relates to this bill of exceptions, and was received by him in answer to one from him to the Judge : that he understood and believes that the objection of the Judge as stated in the letter from him, was to the second exception, and that he believes that the annexed statement of the evidence is in the Judge's hand writing.

This statement corresponded with the statement of the evidence, in the incomplete of bill of exceptions, on which the point stated in the first exception arose, but the Judge had not stated the point decided, or put his seal or signature to it.    Judge Webb died in September, 1823.

The counsel for the defendants in error contended, that no matter of exception was duly shewn.

JUDGE SAFFOLD delivered the opinion of the Court.

In this case the preliminary question is to be first considered.    We have no doubt but that in all cases where the presiding Judge fails or refuses to certify exceptions taken, and of right this should have been done, the exceptions may, without the aid of our statute of January, 1826, be shewn by evidence *aliunde.*

a Acts of 1825, p. 75, s. 3.

This statute *a* enacts "that in all cases in which the Judge of any inferior Court shall have or may refuse to certify any exception taken on the trial of any cause, it shall and may be lawful for the Supreme Court to receive such evidence of the exception as may be satisfactory to it," &c. &c.    This statute enlarges the right to establish exceptions by evidence *aliunde,* but does not appear to have changed the rule as to the time and manner of taking them.    Exceptions must be stated to the Court during the trial.    The adverse party on being thus notified, may

supply the defect, or waive the matter objected to. The substance of the exception should, during the trial, be briefly noted in writing, though it may afterwards be more formally written out, and for the sake of convenience and dispatch of business, the Court may grant leave to the party to prepare and present his bill of exceptions within a reasonable time after the trial. If the exceptions be taken and the bill of exceptions presented to the Judge, according to these principles, and he refuses to sign and seal it, the party may shew the exception by other evidence. But a due regard to the rights of the other party requires that such evidence should be taken in the same Court (unless the Court refuses to permit it,) at the earliest convenient opportunity, and with notice to the adverse party.

On behalf of the plaintiffs in error, it is contended that the statute provides for cases anterior to its enactment, in which the Judge may have *failed* or *refused* to certify any exception. It is true the phraseology of the statute presents some difficulty, but it evidently could not have been the intention of the Legislature to extend its operation to all cases, at any length of time after they had been determined by the inferior Court. Here the judgement of the Circuit Court was rendered in May, 1823, and the affidavit in proof of the exception made before this Court in July, 1826, without notice to the adverse party. Although we may be satisfied that the exception was taken as stated, yet in principle and as a precedent, we think it dangerous and inadmissible to permit a judgement to be affected by exceptions proved so long after the judgement has been rendered. It is not shewn when this exception was reduced to writing and presented to the Judge for his signature. The affidavit states that it was truly taken at the time of the trial, but whether taken verbally or in writing, and whether during the term or even during the circuit, the Judge refused to certify it, is not shewn. For aught that appears, it may not have been reduced to writing, and the Judge requested, until several weeks or even months after the trial. As the assignment of error is founded solely on the matter thus claimed as a bill of exceptions. The judgement must be affirmed.

HITCHCOCK for plaintiffs.

PARSONS and LYON, for defendants.