BAYLOR VS M'GREGOR & DARLING.

## *Of superseding executions.*

1. Where, by a transcript appended to a writ of error, proper-
ly certified, it appeared that a petition had been filed to su-
persede an execution, on the ground, that property, more
than sufficient to pay off the judgment on which issued,
had been levied on and sold under a previous execution,
and by the returns on this latter execution, certified as part
of the transcript, the facts alleged in the petition, were
shewn to be true,—it was held—

First—That it could not be objected in this Court, that the
executions were no part of the transcript, unless appearing
by bill of exceptions.

Second—That the Court below, erred in quashing the su-
persedeas, the case appearing to have been heard on the
merits.

In error to the Circuit Court of Jefferson.

In this case, Walker H. Baylor, preferred a peti-
tion to the judge of the Circuit Court, setting forth—
that, theretofore, M'Gregor and Darling had ob-
tained judgment against him, for seven hundred
and forty-nine dollars, and twenty-two cents, with
costs, amounting to fifty-one dollars and twenty-six
cents. That subsequent to the rendition of judg-
ment, execution was issued thereon, and levied
upon said Baylor's estate, and under a sale thereof,
a sufficient amount realized to satisfy the said judg-
ment, and leaves a balance in the sheriff's hands,
of two hundred and eighteen dollars. That not-
withstanding this fact, the said M'Gregor & Dar-

ling, had caused another execution to be levied on certain slaves of the said petitioner: He therefore prayed a *supersedeas* A *supersedeas* was accordingly granted, which at the Spring term, eighteen hundred and thirty-four, of the said Circuit Court, was dismissed; and the said Baylor took out a writ of error.

Appended to the transcript, were copies of two executions, the first of which purported to have issued upon a judgment obtained by M'Gregor & Darling against Baylor, for the sum of seven hundred and forty-nine dollars and *twenty-two* cents, and costs, fifty-one dollars and twenty-six cents, and was tested the fourth day of November, eighteen hundred and thirty. Upon the execution was endorsed, notice of a levy upon certain slaves, and other property of defendant, and of a subsequent sale thereof, for the sum of one thousand and forty-seven dollars, eighty one and one fourth cents. There was also in the notice of the sale, a statement, that a portion of the estate was sold, subject to a deed of trust; and the sheriff seemed to have deducted from the amount of the proceeds realised on said sale, the amount claimed on the trust deed.

The second execution was a *venditioni exponas*, and commanded the sheriff to expose to sale certain negro slaves of defendant, which had been previously levied on, and claimed by one Hall.

The return on this last execution, showed a levy upon two slaves, and a *supersedeas*.

*Mardis* for plaintiff in error—*Ellis & Peck*, contra.

GOLDTHWAITE, J.—The only question which requires the consideration of this Court, is, whether the writs of *fieri facias* and *venditioni exponas*, with their returns, which appear in the record, are properly a part of it. If they are, the decision made by this Court, in the case of *Baylor vs Scott*,* must govern. If these writs are not a proper part of the record, the judgment of the Court below is not shewn to be erroneous.

*2 Porter, 315.

These writs are certified to this Court, by the clerk of the Court below, as a part of the proceedings in the cause; but we are now called on to reject and discard them from our notice, because they were not set out in a bill of exceptions.

Whenever a judgment is sought to be satisfied, or a writ of execution quashed or superseded, for matters which are *intrinsic* to the cause, and which appear of record, it would seem to be wholly unnecessary to spread out, by a bill of exceptions, facts which must appear in the proceedings, and which form a part of the entire case. A motion to supersede or quash an execution, or to enter satisfaction on a judgment, is one incidental to the cause; and if any decision thereon is sought to be reversed, the record of the cause, or such parts as may be necessary to shew the action of the Court, may well be certified; and if sufficient is not sent up to explain the judgment of the inferior Court, the defendant in error can always protect himself from injury, by applying for a *certiorari*.

When a motion incidental to a cause, is dependant on facts, which do not appear of record, a party may always have the advantage of revising

5 P.    14

the judgment of the Court, by setting them out in a bill of exceptions, which becomes a part of the record.

The case before us, seems to have been heard on the merits; which could only take place by having the record before the Court.

The writ of *supersedeas* was properly sued out, on facts which are supported by the record, and should not have been quashed.

The judgment must be reversed and remanded, with instructions to the Court below, to quash the writ of *venditioni exponas*.