Etheridge *vs.* Hall.

ETHERIDGE VS HALL.

1. The County court, as an inferior tribunal, is subject in all its acts, to the direct supervision of the Circuit court, which to it is a superior, and appellate tribunal : and therefore may compel the County court to perform all the acts, by reason of which, such appellate jurisdiction may be rendered effectual.

2. This power may be exercised by mandamus.

3. Thus, where the County court refuses to sign a bill of exceptions, the Circuit court has jurisdiction to award a mandamus.

4. Because a judge is, by law, constituted an arbiter of the facts stated in a bill of exceptions,—he is not therefore privileged to reject one which properly presents the case.

5. The general rule, that a mandamus will not be allowed, where the party has another remedy, must be understood to refer to some specific remedy, which will place the party in *statu quo.*

6. The specific mode of correcting the refusal of a court to sign a bill of exceptions, pointed out in the statute of eighteen hundred and twenty-six, (Dig. 254, s. 5,) is not conclusive of a party's rights, in a case where a judge of the County court holds up the bill of exceptions tendered him for approval, until after the adjournment of the court, on the promise to seal it.

7. The final decision of the Circuit court upon the petition for a mandamus, to compel a judge of the County court to seal a bill of exceptions, may well be reviewed in this court upon a writ of error.

Error to the Circuit court of Wilcox county.

This was a petition to the Circuit court, by the plaintiff in error : it showed that at January term of the County court, held in and for said county, in the year

one thousand eight hundred and twenty-six, before the honorable Joseph A. Hall, judge of said court, an appeal from a justice's court, wherein the sum claimed did not exceed twenty dollars, came to be tried, in which the petitioner was plaintiff, and one Jonathan Kennedy defendant, in which said judge dismissed the appeal, and gave judgment against the petitioner, after hearing the testimony therein : That on the trial of the case, petitioner excepted to the decision, which exceptions were disallowed by the judge. Petitioner, during the said term of said court, drew up and tendered to said judge, a bill containing said exceptions so taken and overruled, as aforesaid, (which accompanied the petition,)—which said bill of exceptions contained the facts of the case, truly and correctly set forth, and were before the expiration of the term, presented to said judge, with a request that he would sign and seal the same. To which request, said judge answered, that he was too much fatigued to examine the bill, but that after the expiration of the term, he would examine said bill, and sign and seal the same. The petition further stated, that after the judge had retained the bill in his possession more than three months, he refused to sign and seal it,—in consequence of which refusal, petitioner was prevented from removing said cause by writ of error, into any of the Superior courts of the State, and also would not only be subjected to the loss of his demand, but to the payment of a heavy bill of costs. Petition therefore prayed for a *mandamus*, or a rule to shew cause why a writ should not issue, returnable to the next term of the court, directed to said Joseph A. Hall, commanding him

Etheridge *vs.* Hall.

either to sign and seal said bill of exceptions, or to signify his reasons for not so doing, &c.

The petition was verified by the oath of the petitioner.

Upon hearing the petition, a rule issued directing Joseph A. Hall, judge of the County court of Wilcox county, to shew cause why a mandamus should not be awarded, to compel him to sign and seal the bill of exceptions as above set forth, &c.

And at the same term, the defendant in the rule moved the court, that the proceedings upon the said rule be quashed upon the following grounds:

1. That it was a case that the defendant could not be called to answer before the Circuit court, and of which said court had no cognizance;

2. That the plaintiff had no authority to compel the defendant to sign a bill of exceptions, as the defendant must be the judge of the correctness of such exceptions;

3. If defendant was answerable for refusing to sign the exceptions complained of—he was answerable in a different way, and before another tribunal;

4. That if said plaintiff was aggrieved by the act complained of, the law had provided another way by which the plaintiff could have brought his case upon his exceptions before the court.

At the same time, the plaintiff moved the court for an attachment against the said Joseph A. Hall, inasmuch as the said Hall had been guilty of a contempt of court, in making no return to the rule to shew cause against him in said cause, and to compel said Hall to make a return to said rule, which last mentioned motion was overruled, and the proceedings upon the rule were quashed,

whereupon the plaintiff sued out a writ of error to this court: It was assigned in error—

1. That the court below erred in overruling the motion of the plaintiff in error for a rule against the defendant, to shew cause why an attachment should not issue for contempt in refusing to make a return to the mandamus.

2. That the court erred in quashing the proceedings.

*Porter*, for the plaintiff in error.

*J. B. Clarke*, contra.

*Porter*, for the plaintiff, urged—

First—That the remedy given by statute (Aikin's Digest, page 254, section 5,) is not exclusive; even if referable by construction, to cases of error from the County to Circuit courts.—That statute uses the term, "the Supreme court" may receive satisfactory evidence of the exception. Now this evidence must be produced during the term when the exception is prayed, or this statute will furnish no remedy—Perkins vs Harper, (2 Stew. 477.) Cases may occur, where this could not be effected, and this by the default or conduct of the judge himself, as was the case here: and surely the party would be entitled to some remedy—otherwise the right of a writ of error, from the County to the Circuit court is unavailing:—This remedy I contend is mandamus—(4 Stew. & Por. 156;) 2 Caine's cases, 118; 1 Caine's 511; 6 Johns. R. 279; 2 Caine's, 373; 5 Comyn, 31, 32, 37, 38, note 9; 4 Ham. 353.

Second. The Circuit court had no power to hear the

Etheridge *vs.* Hall.

motion to quash, without a return—12 Petersdorff, 511 ; 3 Barn. and Ald. 220 ; 5 T. R. 74, 75 ; Stra. 1139.  Nor even then without notice—1 Wils. 30 ; 12 Petersdorff, 512.

Third—The motion to quash, if to be viewed as a return, showed no reasons against the rule.  The return should deny the *facts*, or controvert the particular *claim* —10 Wendell, 25.

It is no answer to an application for a mandamus, that there is a remedy in equity—3 T. R. 646 ; 5 Comyn, 47 ; ibid, 54, 55.

GOLDTHWAITE, J.—If the motion to quash the proceedings, is to be considered in any other aspect than as an answer to the rule to shew cause, the course pursued would be considered as most irregular ; but this we presume was the view taken of it by the court below, and such we think was the proper consideration to be given it.

The County court, as an inferior tribunal, is unquestionably subject in all its acts to the direct supervision and control of the Circuit court, which to it is a superior and appellate tribunal ; and independent of any other legislation, than that which establishes this relation, it might be asserted that the power existed in the latter, to compel, the former to perform all the acts, by reason of which, such appellate jurisdiction would be rendered effectual; but the direct legislation on this subject divests it of all manner of doubt.

By the tenth section of the act of eighteen hundred and seven, (Digest, 243, s. 19,) the territorial judges, and

Etheridge *vs*. Hall.

every one of them, are invested with power and author--
ity, as often as there may be occasion, to issue forth writs
of *error, certiorari,* and *habeas corpus,* and all other reme-
dial and other writs and process, returnable to either of
the Circuit courts, and which are grantable by the said
judges, by virtue of their offices.   The third section of
the act of eighteen hundred and nineteen, (Dig. 243, s.
23,) transfers the jurisdiction of the territorial judges to
the Circuit courts, in all cases except otherwise directed
by that or some other act ; or where such jurisdiction
may be inconsistent or repugnant with the present form
of government.   Under these acts, it is clear that the
Circuit court has the power to issue the writ of man-
damus, unless it can be shewn that it is not a remedial
writ, or that it is repugnant to the present form of gov-
ernment.   The latter has not been attempted, and to
show the former, a slight examination of principle and
authority will suffice.

The sixth section of the act of eighteen hundred and
fourteen, (Dig. 254, s. 5,) gives the right to either party,
in a civil case, to have his bill of exceptions signed and
sealed.   If refused, it is a denial of justice; and although
a penalty is inflicted on the judge refusing to certify a
bill of exceptions, which truly states the facts, the party
as to the particular case is without remedy, unless some
court can interfere and compel the judge to perform, what
the statute has declared to be his duty.   Every suitor
has the right to have his suit decided by the appellate
courts, on all the questions which can arise in the course
of it, and he cannot be denied this, and turned for relief
to an action against the judge who has deprived him of

Etheridge vs. Hall.

it.  If an inferior court will not render judgment on a verdict, it can be compelled to do so by mandamus—Brock vs Evans, et. ux. (Strange, 113;) Rex vs Tod, (Strange, 530;) and there seems to be no distinction, in principle, between such a case, and the refusal to sign a bill of exceptions.   But the cases are numerous to shew the very matter in question—People vs Judges of West Chester, (2 John. cases, 118;) People vs Judges of Washington, (1 Caine's, 511;) Sykes vs Ransom, (6 John. 279.) This court also, in the case of the State vs the Commissioners of Roads of Talladega county, (3 Porter, 412,) recognized, as well settled, the principle, that a mandamus would lie to enforce a legal right.   We consider it as clear, that the Circuit court has jurisdiction in such a case, as this to award a mandamus.

The objections to the issuing of this writ, assumed by the second and third reasons of the defendant are not well founded, and cannot be sustained.   It does not follow, because the law has constituted the defendant the judge of the correctness of the facts, stated in a bill of exceptions, that he will be permitted to reject one, which properly presents the case.   If the defendant had by his return or answer to the rule, given the court to understand that the bill of exceptions tendered, did not present the facts truly, or that the exceptions had not been taken at the proper time, or in a regular manner, the case would have assumed a very different aspect ;  and under such circumstances it would have been right to refuse the mandamus—Mauchum vs Austin, (5 Day, 233;) the People vs Judges of West Chester, (2 John. cases, 118;) Middlebury vs Collins, (9 John. 345.)   Neither is

it any answer to the rule, that the defendant is answerable in another way, by indictment or impeachment; because a conviction or removal from office of the defendant, will not restore the plaintiff to the right which the law accords to him. The general rule, that this writ will not be allowed when the party has another remedy, must be understood to relate to a specific remedy, which will place the party in the same situation as he was before the act complained of—Rex vs Archbishop of Canterbury, (15 East. 117;) King vs Justices of Kent, (14 East. 261;) King vs Bishop of Chester, (1 Term. R. 396;) People vs Mayor, &c. of New York, (10 Wendell, 393;) Hull vs Sup. of Oneida, (19 John. 259.)

But it is insisted that the plaintiff, under the third section of the act of eighteen hundred and twenty-six, (Dig. 254, s. 5,) had a specific mode pointed out, by which he was enabled to place himself in the same condition as if the bill of exceptions had been signed and sealed. This, if so, presents a sufficient reason why the mandamus should have been refused; but an examination of this section will show, that this could not be the case. It provides " that in all cases in which the judge of an inferior court shall fail or refuse to certify any exception taken on the trial of any cause, it shall be lawful, for the Supreme court to receive such evidence of the exception as may be satisfactory to it, and to try the cause in the same manner as if the exception had been certified by the judge who tried the said cause." Previous decisions of this court have settled the practice, under this statute, and that it is necessary to prove the exceptions in term time, after notice given to the opposite party—Tom-

Etheridge vs. Hall.

beckbee Bank vs Malone, (1 Stewart, 269;) Perkins vs Harper, (2 Stewart, 477.) In this case, the plaintiff could not proceed under this statute, because the court had adjourned before he was informed his bill of exceptions would not be signed, and according to the case presented in the petition, the judge had promised to sign it after the adjournment.

We do not wish to be considered as expressing the opinion, that the practice of signing bills of exceptions, after the termination of the court, is proper ; but cases may exist in which it is necessary to pursue this course, as it is not unfrequent, that sufficient time is not allowed to enable a judge to examine them during the term ; or counsel may be then too much engaged to prepare them; but it never should be done when resisted by the opposite party at the time the exceptions are taken. In this case, we are informed by the petition that the delay was caused by the request of the judge, and under an assurance that it should be signed after the adjournment of the court—and to allow him now to refuse without sufficient cause, would deprive the plaintiff of a right, secured to him by law.

It is, however, insisted, that the decision of the Circuit court, if erroneous, cannot be reversed in this court, as the granting or refusing the writ of mandamus is always within the discretion of the court. Whenever a suiter is entitled to a right which is withheld from him by the decision of a court, it can scarcely be said to be a mere matter of discretion; which is understood to be the action of the court on such matters as are not demandable of right, but are accorded to parties to advance the

justice of the case. The right of the plaintiff to the writ of mandamus is of the same nature as that, which he had to his bill of exceptions; and its denial, without cause, would be equally an infraction of the law. It is said by chancellor Walworth, in the case of *ex parte* Negus, (10 Wend. 34,) that a writ of error will not lie on the denial of a *mandamus or prohibition*, and that it is only by virtue of a statute, that the judgment rendered on such writs can be removed, for error, in the English courts; and that it is yet an open question in these courts, whether the same rule does not prevail as to writs of *habeas corpus.* In New York, it has been held that a writ of error will lie on the refusal to grant a writ of *habeas corpus*—Yates vs the People, (6 John. 402.) Whatever may be the rule adopted by the English courts on this subject, we feel warranted, by the decision last cited, in deciding, that there is no reasonable distinction existing between the judgment of the court, refusing to grant a writ, and the one rendered on it; for the rights of the citizen may be as much prejudiced by a refusal to render him the means of attaining justice, as by an incorrect judgment. In the case of the State vs Commissioners of Talladega, (3 Porter, 416,) there was a denial of a mandamus, and the judgment was removed to this court by writ of error, but the question was not made, whether the writ was properly issued. If the judgment of the Circuit court is to be considered as final on the subject matter of the petition, there can be no doubt of the authority of this court to revise its determination,—and we can arrive at no other conclusion. We are daily in the practice of reviving judgments rendered on motions

Etheridge *vs.* Hall.

to quash ordinary writs and attachments, which are certainly not more final in their character, than is the one we are now considering. We conclude, then, that the judgment rendered in this case is such a final judgment as gives this court jurisdiction on a writ of error, and from what we have before said, it follows that it must be reversed; and the case is remanded, with directions to the Circuit court to proceed in the cause, and issue the writ prayed for, unless sufficient cause be shewn by the defendant against it.