## SIMMONS *vs.* VARNUM.

[SUMMARY PROCEEDING FOR CONTRIBUTION BETWEEN CO-SURETIES.]

1. *Amount of recovery for contribution.*—In a summary proceeding for contribution between co-sureties, (Code, § 2645,) a recovery can only be had for the defendant's aliquot proportion of the debt; although he may have been fully indemnified by the principal; consequently, evidence of such indemnity is irrelevant.

2. *Amendment of notice.*—A defendant in a summary proceeding, having been brought into court by the service of a legal notice, cannot object on error to the allowance of an improper amendment of the notice, unless he reserved the point by bill of exceptions at the time of the allowance of the amendment.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JNO. GILL SHORTER.

THIS was a summary proceeding, by notice and motion, by James Varnum, against Holman F. Simmons; and was commenced in October, 1856. The original notice alleged, that the plaintiff and one Felix Simmons, as sureties for the defendant, executed a promissory note for $300, payable to W. R. Baird or order; that a judgment was afterwards recovered on this note, against the plaintiff alone, for the amount of the note and interest, which judgment he had paid; and claimed a recovery for the

entire amount so paid, with interest thereon. At the May term, 1858, an order was made in the cause, in these words: "The parties came, by attorney, and plaintiff amended his notice, so as to proceed against defendant as co-surety." At the trial term, in December, 1858, as appears from the bill of exceptions, when the cause was called, and the plaintiff had announced himself ready, "it was suggested to the court, by an attorney acting as *amicus curiæ*, that the defendant had had no notice of the motion then on the docket." The plaintiff thereupon read to the court the original notice, with the minute entry of the preceding May term, "and proved to the court, that at said May term, 1858, when plaintiff moved to amend his motion, defendant was present in open court, and appeared by his attorney, and resisted said motion to amend; that his objections were overruled, and the plaintiff's motion granted, as shown by the said entry. The court thereupon decided, that, inasmuch as the defendant had appeared at the last term, and resisted the motion to amend, the notice of the present amended proceeding against him as co-surety was sufficient; to which ruling of the court the defendant excepted."

The plaintiff then introduced as a witness W. R. Baird, the plaintiff in the judgment paid by him, who testified to the amount and payment of the judgment by the plaintiff, and to the fact that plaintiff and defendant were sureties for Felix Simmons on the note which was the foundation of the judgment; and was then allowed by the court, against the defendant's objection, to testify to a conversation between himself and the defendant, subsequent to the rendition of said judgment, in which the defendant admitted that he had received full indemnity against the debt from Felix Simmons, and promised to pay it if witness would hold up the execution against plaintiff; to the admission of which evidence the defendant reserved an exception. The court charged the jury, "that if they believed from the evidence that the defendant had been indemnified by Felix Simmons against the debt on which he and plaintiff were sureties, and had received from said Felix Simmons a sufficient amount to

cover the whole of said debt and interest, then plaintiff would be entitled to recover from defendant the entire amount paid on said judgment, with interest from the time of payment." To this charge the defendant also excepted.

The rulings of the court to which, as above stated, exceptions were reserved, are the matters now assigned as error.

L. E. PARSONS, for appellant.

JAS. B. MARTIN, *contra*.

A. J. WALKER, C. J.—In a summary proceeding by a surety, against his co-surety, under the first subdivision of section 2645 of the Code, a recovery for more than the defendant's aliquot part of the debt, after excluding the portion of insolvent sureties, can not be had; and evidence that the defendant was indemnified, adduced for the purpose of procuring a judgment for a larger. amount, is irrelevant.

[2.] Where a defendant has been served with the legal notice of a proceeding in the circuit court against him, it is not necessary that he should have notice of any subsequent amendment of the pleadings. He is brought into court by the service of the notice, which commences the suit, and is bound afterwards to take notice of all the proceedings in the cause. If an improper amendment is made, the injured party should object at the time, and bring up the question for revision by bill of exceptions.

Judgment reversed, and cause remanded.