## TUSKALOOSA WHARF COMPANY *vs.* MAYOR AND ALDERMEN OF TUSKALOOSA.

[ACTION ON LEASE FOR RENT RESERVED.]

1. *When exception is necessary; security for costs by corporation.*—The refusal of the primary court to dismiss, on motion, an action brought by a corporation, on account of the failure to give security for the costs at the commencement of the suit, is not revisable on error, unless an exception is reserved to it.

2. *Acknowledgment of service of complaint, and waiver of summons.*—Where the defendant acknowledges service of the complaint, and waives a summons, the cause stands in court, on the filing of the complaint, as if a summons had been issued on the day such acknowledgment and waiver were made.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THIS action was brought by the appellee, a body corporate, to recover the sum of five hundred dollars, alleged to be due from the defendant for the rent of certain lands leased by the plaintiff. The minute-entry recites, that the complaint was filed in the clerk's office on the 24th September, 1860, and that two endorsements then appeared on it; one signed by E. Cooper, dated the 24th September,

1860, being an acknowledgment of security for costs; and the other signed by W. Moody, as president of the defendant corporation, and dated the 29th August, 1860, being in these words : " The defendants waive a summons, and acknowledge legal service of this complaint." At the September term, 1860, as appears from the judgment entry, the defendant moved to dismiss the suit, on the ground that security for the costs was not given when it was commenced; but the court overruled the motion. At the March term, 1861, a judgment by *nil dicit* was rendered against the defendant. There is no bill of exceptions in the record. The errors assigned are : 1st, the overruling of the motion to dismiss the suit for want of security for the costs; 2d, the rendition of judgment at the spring term, 1861 ; and, 3d, the rendition of judgment on a complaint which showed no cause of action.

E. W. PECK, for appellant.—1. If the suit was commenced on the 29th August, when service of the complaint was acknowledged, then the motion to dismiss should have been allowed, because security for the costs was not given at the commencement of the suit.—Code, § 2398 ; *Steamboat Empire v. Ala. Coal Mining Co.*, 29 Ala. 698.

2. If, on the other hand, the suit was not commenced until the 24th September, when the complaint was filed in court, then the March term, 1861, was only the return term, and the judgment was premature.—Acts of Called Session, 1861, p. 3.

3. The complaint sets out a contract which is void under the statute of frauds.—Code, § 1551.

GOLDTHWAITE, RICE & SEMPLE, *contra.*—1. The refusal to dismiss the suit, for want of security for the costs, is not revisable in this court, because no exception was reserved to the ruling of the primary court.

2. It was not necessary to allege in the complaint that the lease was in writing, as required by the statute.—*Brown v. Barnes*, 6 Ala. 694.

A. J. WALKER, C. J.—There was no exception to the refusal of the court to sustain the motion for the dismissal of the cause on account of the alleged failure to give security for costs before the commencement of the suit. It is, therefore, not revisable in this court. An exception is not necessarily dispensed with by the appearance of the objectionable ruling upon the record. To make a matter a part of the record is not the only office of an exception ; it has the further object of admonishing the party, so that he may avoid putting the case on the point. *Chamberlain v. Masterson*, 29 Ala. 299 ; *Rives v. McClosky*, 5 S. & P. 330; *Tombeckbee Bank v. Malone*, 1 Stew. 269. Peradventure, he may avoid or waive the point, if admonished that it is to become a matter of revision in the appellate court; or the court, taking a more careful consideration of the subject, may change its decision. It is, therefore, not sufficient that the rulings of the court should appear upon the record, where they are not "intrinsic to the cause," but arise incidentally in its progress. *Baylor v. McGregor & Darling*, 5 Porter, 103. But the rulings must be the subject of objections, or exceptions, in order that they may be revisable.

Accordingly, we find this court has decided, that, in the absence of exceptions, there can be no revision of the decisions of the subordinate courts upon the allowance of an amendment to pleading, *(Stewart v. Goode & Ulrick*, 29 Ala. 476 ; *Bryan v. Wilson*, 27 Ala. 208 ; *Simmons v. Varnum*, 36 Ala. 92 ;) or refusing to permit to defendant to plead over after a demurrer was sustained to his plea, *(Powell v. Asten*, 36 Ala. 140 ;) or striking out a plea as frivolous, *(Mahoney v. O'Leary*, 34 Ala. 97 ;) or upon the sufficiency of the answers of a party to interrogatories propounded by his adversary, *(Saltmarsh v. Bower*, 22 Ala. 221 ;) or upon the items of an administrator's account, *(Long v. Easley*, 13 Ala. 239 ; *King v. Cabiness*, 12 Ala. 598 ; *Clark v. West*, 5 Ala. 126; *Gordon v. McLeod*, 20 Ala. 242 ;) and upon numerous other questions of like character. Furthermore, we have examined several decisions in reference to the dis-

missal of causes for the want of security for costs, and we find that, in all of them, there were bills of exceptions presenting the point of revision.—Ex parte *Camp*, 35 Ala. 143 ; *Forrester v. Forrester*, *ib.* 594 ; *Peavy v. Burket, ib.* 141 ; *Harper v. Columbus Factory, ib.* 127 ; *McAdams v. Beard*, 34 Ala. 418 ; *Duncan v. Richardson, ib.* 117 ; *Garrett v. Terry*, 33 Ala. 514 ; *Weeks v. Napier, ib.* 568 ; Ex parte *Jemison*, 31 Ala. 392 ; *Taylor v. State, ib.* 383.    And we suppose that, in all other cases, in which this court has ever revised the action of the inferior courts upon such a subject, there were bills of exceptions.    This uniformity of practice is a persuasive authority, entitled to much influence, if the question were otherwise doubtful.    For these reasons, we decline to revise the decision of the court below upon the motion to dismiss for want of security for costs.

[2.] On the 29th of August, 1860, the defendant acknowledged service of the complaint, and waived a summons.    This was nearly a month before the fall term, 1860, of the court.    At the fall term, 1860, the complaint, with the endorsement, appears to have been in court; the plaintiff gave security for the costs, and a motion to dismiss was tried.    Under the Code, (§ 2167,) a summons is not returnable to a term of the court, unless issued three days before its commencement.    The point is made, that this suit stood as if it had been commenced by a summons, issued at the time when the complaint was returned into court ; and that therefore this cause did not belong to the docket of the fall term, 1860.    As a deduction from this point, it is argued that the cause did not stand for trial at the spring term, 1861; but that, under the act of February 8th, 1861, that was for it only the appearance term. Acts of the Called Session of January, 1861, p. 3.    We can not sustain this argument.    We think that the cause, at the fall term, 1860, stood in court as if it had been commenced by a summons issued on the 29th August, 1860, when the service of the complaint was acknowledged and the summons waived.    We decide, therefore, that the

case stood for trial at the fall term, 1860; and there was no prohibition in the act of 8th February, 1861, to its trial at the spring term, 1861.

We find no reversible error in the record, and, therefore, affirm the judgment of the court below.