## PRICE WILLIAMS AND SONS vs. McCONNICO et al., Guardians.

### [JUDGMENT AGAINST GARNISHEE.]

1. *Error, what can not be raised for first time in this court.*—The citation to the garnishee in an attachment suit, varied erroneously from the attachment and judgment, in describing the plaintiffs as guardians of two persons instead of one of them only,—*Held,* the error, if one, is amendable, and can not be raised for the first time in this court, the parties having failed to do so in the lower court.

2. *Commission merchant; when liable for interest on balance remaining in his hands.*—A commission merchant is liable for interest on a balance in his hands in favor of his principal, in the absence of proof of some contract or usage of trade to the contrary.

APPEAL from the Circuit Court of Conecuh.
The record does not give the name of the presiding judge.

The appellants, who were garnishees on an attachment suit instituted by the appellees, assign errors upon the record in this case, there being no bill of exceptions. The notice of garnishment served on them described the plaintiff in the attachment suit, as guardians of two persons, and the judgment is in favor of them as guardians of one of them only. The judgment entry against the garnishees, recites, that by the answer of garnishees, there was due the defendant in attachment, the sum of $692 08 on 15th January, 1867, together with the further sum of $148 79, interest up to date, for which amount judgment was rendered.

The errors assigned are, 1st, that "the process of garnishment was issued in favor of appellees in a different capacity from that in which judgment was rendered in their favor—the appellees being described as guardians of Sallie and Bettie Stallworth, and the judgment is in their favor as guardian of Bettie only." 2d. "That appellants were commission merchants, and as such merely deposit-

aries, and not liable for interest without default made, on demand of one authorized to receive payment."

MARTIN & SAYRE, for appellants.
S. J. CUMMING, *contra.*

[The briefs in this case did not come into Reporter's hands.]

B. F. SAFFOLD, J.—If the citation to the garnishee, (Revised Code, § 3944), ought to contain an accurate description of the capacity in which the plaintiff sues, the error objected to is amendable, the record being right in every other part, and· can not be presented for the first time in this court, after appearance in the court below.— Rev. Code, §§ 2809, 2810, 2811; *Moore & Lyons v. Stainton,* 22 Ala. 831; *Daniel v. Hopper,* 6 Ala. 296; *Smith v. Chapman* 6 Porter, 365.

Without proof of some contract or usage of trade, that commission merchants are merely depositaries, and not liable for interest until demand made and default, the court can not know that a commission merchant is not chargeable with interest on a balance in his hands in favor of the principal.

The judgment is affirmed.

NOTE BY THE REPORTER.—Afterwards the appellants applied for a rehearing, to which the following response was made—

B. F. SAFFOLD, J.—The appellants failed to show any special reason in the circuit court why they should not be charged with interest. This court is not authorized to reverse or correct the judgment, on an assumption that a commission merchant is not liable to his principal for interest on a balance in his hands. He may or may not be, but that he is not, cannot be shown for the first time on appeal.

The application is denied.