# Tyree *v.* Parham's Executor.

*Action for Money Paid, by Surety against Principal's Executor.*

1. *Secondary evidence ; when admission is error without injury.*—The admission of secondary evidence of the contents of a judgment, against objection, is error without injury, when the judgment has already been properly proved by the production of a certified copy.

2. *Surety's right of set-off or retainer.*—A surety, until he has paid the debt for which he is liable, has no claim or demand available as a set-off against his principal, or his principal's estate, and no right to retain, as against the demand of the principal's executor or administrator, moneys in his hands belonging to the estate.

3. *Commission-merchant ; liability for interest.*—A factor, or commission-merchant, having in his hands moneys arising from the sale of his principal's cotton, is liable for interest on the balance due, after demand made by the principal or his personal representative ; but *not until* demand made, if he has promptly rendered an account of sales, unless a special usage of trade is shown, or a failure to remit according to instructions. ( *Williams v. McConnico*, 44 Ala. 627, explained and limited.)

4. *Charges given, but not so indorsed.*—When charges asked are given, it is the imperative duty of the presiding judge to so indorse them (Code, § 3109) ; but the failure to do so, the jury being permitted to take them without such indorsement, is not a reversible error, when no exception was reserved to it before the jury retired.

5. *New trial.*—The proceedings had on a motion for a new trial, though incorporated in the bill of exceptions, are no part of the record proper, are not revisable, and can not be considered for any purpose.

6. *Contents of bill of exceptions.*—The court "takes occasion again to condemn the practice, so often indulged, of incorporating redundant and supervol. LXVI.

fluous matter in bills of exceptions, thus rendering the record confused and unnecessarily voluminous." The pleadings, and the rulings of the court thereon, are a part of the record proper, and should not be set out in the bill of exceptions ; nor should the general charge of the court be set out, when not excepted to ; nor should the cumulative testimony of several witnesses, when substantially the same, be stated at length.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Thomas T. Tyree, against William F. Parham, as the executor of the last will and testament of Francis Parham, deceased, and was commenced on the 10th September, 1875. The complaint contained three counts ; the first claiming $6,278.81, with interest, being the amount of a judgment which the plaintiff had paid as the surety of the defendant's testator ; the second claiming the same amount as due on an account stated ; and the third, the common count for money paid by plaintiff, on or about the 11th November, 1871, at the instance and request of defendant's testator. The defendant pleaded, " in short by consent," the general issue, payment, set-off, and the statute of non-claim ; and the cause was tried on issue joined on these several pleas. The bill of exceptions purports to set out all the evidence introduced on the trial, but it is unnecessary to state it at length. The judgment paid by the plaintiff, which was for the sum of $6,278.81, was recovered by Washington Moody, in the Circuit Court of said county, on the 3d November, 1871, against George W. Parham, William F. Parham, and said Thomas T. Tyree ; and was paid by the plaintiff in this action, said Tyree, a few days after its rendition. The cause of action in that case, on which the judgment was founded, was a promissory note for over $5,000, given for the purchase-money of a tract of land, and signed by said three defendants (George W. Parham, William F. Parham, and Tyree) as sureties for said Francis Parham, who had died before the institution of the suit. William F. Parham, one of the defendants in that suit, and the defendant in this suit in his representative character, qualified as the executor of said Francis Parham's will, on his death in 1859, and was relieved by the will from giving bond. Tyree, the plaintiff in this suit, was a factor and commission-merchant in Mobile, and had sold cotton for Parham's executor, and collected money for the estate, for which he had rendered an account, showing a balance due the estate, June 6, 1866, of $4,894.55. He used this money in paying the judgment, and paid the balance (between $1,200 and $1,500) with his own funds. In this action, though the complaint claimed the entire amount of the judgment paid, the plaintiff sought

[Tyree v. Parham's Executor.]

only to recover the balance paid out of his own funds, with interest; while the defendant sought, under the plea of set-off, to charge him with interest on the moneys in his hands belonging to the estate, and a judgment for the balance thus resulting. Under the charge of the court, the jury allowed the claim for interest, and returned a verdict for the defendant, for $460.43.

On the trial, the plaintiff first read in evidence a certified transcript of the judgment, and then proved his payment of it as above stated, the cause of action on which it was founded, and the relations of the several parties to the note. He testified as a witness for himself, among other things, "that said George W. and William F. Parham, his co-sureties on said note, were poor, and nothing could be made out of them by law; that the estate of said Francis Parham had no effects or property, except the land purchased by said note on which said judgment was founded, and the money ($4,891.55) in plaintiff's hands, as per account rendered to the executor on the 6th June, 1866, for cotton of the estate shipped by the executor after the death of said Francis Parham, and sold by plaintiff and Jewell & Breitling on account of said executor; that he had notified the executor, the defendant in this suit, by sending him account of sales of the cotton sold, and also of the moneys collected, as soon as sold or collected; that he also rendered the executor stated accounts, a correct statement of which is attached to the deposition of Robert Middleton, who was his book-keeper at the time; that he had never used any of the money belonging to the estate of said Parham," but carried it to Eutaw at one time, while Moody's suit was pending, and tendered it to Moody, with an additional sum borrowed for the purpose, and, after Moody's refusal to receive it, deposited it in bank until he used it in paying Moody's judgment; also, "that the Parhams, W. F. and Geo. W., told him not to trouble himself any further about Moody's suit, as they would defend it; that he was never directed to pay this money into court; that the executor never demanded the money from him, and he would not have paid over the money to him if he had, as he was not a responsible man, had given no bond as executor, and had no property out of which to make this amount of money." The tender of the money to Moody, as stated by plaintiff, was also proved by his attorney, who made it, and who further testified that, after Moody's refusal to receive the money, "he kept it locked up in his safe for a long time, and it remained there until he sent it to the plaintiff at Mobile;" also, that there was a controversy between Moody and the parties whom he had sued on the note, as to

the amount due, and a suit in chancery was also pending at
the same time, involving the right to certain credits claimed
by the defendants; that the action at law was defended until
the right to these credits was determined, when the defend-
ants withdrew their defense, and judgment was then rendered
as above stated.

"Plaintiff having rested his case, defendant introduced
Geo. W. Parham, who testified, that he was present in Octo-
ber, or November, 1866, on the day the money was tendered
to Moody; that he heard his brother, said W. F. Parham, a
short time after the money was refused by Moody, demand
of said Tyree the money in his hands belonging to the estate
of Francis Parham, and Tyree refused to give it up to him;
that he and Berry then went over to the clerk's office, and
took a memorandum of the amount claimed by Moody, and
Berry set it down on a piece of paper; and the witness here
produced a piece of paper, which he said was in Berry's
handwriting, with the following memorandum on it: ' *Am't
judgment, Nov. 1st, 1871, $6,278.84 ; costs yet to be added, sup-
posed to be less than $100.*' Plaintiff objected to the witness
using or referring to said memorandum for any purpose;
but the court ruled that the witness might use or refer to it,
but only as a memorandum to refresh his recollection as to
the date or amount of the judgment; to which ruling plain-
tiff excepted." This witness further testified that, on an-
other occasion, he heard his brother, said W. F. Parham,
demand of plaintiff the money in his hands belonging to the
estate, "saying that he wanted to put in the plea of tender
to the suit of Moody, and must have the money;" also, "that
no money could have been made by law out of him or said
W. F. Parham." The defendant also testified, as a witness
for himself, that he had several times demanded the money
of plaintiff, and told him he wanted to use it in pleading a
tender to Moody's suit, and that the plaintiff would not let
him have it; but he did not recollect that George W. Par-
ham was present when either demand was made. It was
further proved, that Moody's suit on the note was com-
menced on the 28th March, 1867; and the attorney for the
defendants in that case, employed by the Parhams, testified
that there was really no defense in that case—that the only
object was to postpone the trial until the decision of the
chancery suit; and "that he had in a plea of tender, but
could not maintain it, as they had never brought any money
into court."

"The court gave a general charge to the jury, which was
not excepted to. The plaintiff asked the court, in writing,
to give the following charges, which were given." (The

charges here set out are numbered from one to eight consecutively.) "The court further charged the jury, that they were to consider the general charge of the court in connection with the several charges handed them, and which they were permitted to take out with them; that the charges refused would not be given to them to take out. The plaintiff asked the court, also, to give the following charges, which were refused, and plaintiff excepted: '9. If Tyree, as factor, had money in his hands of the estate of Francis Parham, and if the jury believe that at that time he was sued as the surety of Francis Parham, then Tyree had a right to hold on to said money to await the end of that suit; and if he did not use it, and make interest out of it, he is not liable for interest.' '10. If the jury believe that Tyree, with others, was liable in a large amount on a note as the sureties of Francis Parham, deceased, and that there was not sufficient money or assets belonging to the estate of Francis Parham to pay said debt; and if the jury believe that Tyree was the only responsible man on the note, and money belonging to the estate of Francis Parham came into his hands while so liable; then Tyree had a right to hold on to said money, and he was under no legal obligation to pay it over to W. F. Parham on his demand, and was not liable for interest because he refused to pay it over to him.' The defendant then asked the following charge in writing, which was given, and plaintiff excepted: 'If the jury believe, from the evidence, that Tyree defeated the plea of tender, by his refusal to pay over the money to the administrator, then he is responsible for interest from the time of his refusal.'

"The jury having returned a verdict for the defendant, the plaintiff afterwards discovered that the following charges, which had been asked for by the plaintiff in writing, had been handed by the court to the jury without any indorsement thereon, either *given* or *refused;*" setting out three charges, numbered 11, 12, and 13; "whereupon, the plaintiff entered a motion for a new trial, on the following grounds: 1st, because the verdict was not authorized by the evidence, under the charge of the court, 2d, because several of the charges asked by the plaintiff were permitted to go to the jury without any indorsement by the presiding judge, either as *given* or *refused*, and though they were intended to have been given by the court, the jury refused to consider them as given. In support of this motion, the plaintiff introduced as a witness one of the jurors who tried the case, and who testified, that he understood the court to say, that the jury would consider only those charges indorsed *given*; that they saw there charges which were not indorsed, but, under the

[Tyree v. Parham's Executor.]

instructions of the court, he did not consider them. The clerk of the court, who was sworn as a witness, testified, that he understood the court just as the juror did. Two attorneys for the defense testified, that they understood the court to say that the charges he gave them—that is, handed to them—were the charges they were to consider as given. The court stated that such was also his recollection, and overruled the motion for a new trial. This was all the evidence on this point. And now comes the plaintiff in open court, and tenders this his bill of exceptions," &c.

The errors now assigned are, the admission of the evidence objected to, to which exception was reserved; the refusal of the charges asked by the plaintiff; the charge given at the instance of the defendant; the failure to indorse the 11th, 12th, and 13th charges asked by the plaintiff, as *given*, or as *refused ;* and allowing said charges to go to the jury, without any indorsement showing whether they were given or refused.

THOS. W. COLEMAN, for appellant.—The witness ought not to have been allowed to use the memorandum for any purpose, as it was not written by him, nor did he see it written. *Beddo v. Smith*, Minor, 397; 2 Phil. Ev., C. & H. Notes by Edwards, 916, 924. The judgment had already been proved, and the memorandum was only intended to sustain the credit of the witness on other points, as to which he was contradicted; and therein lies the injury resulting from its erroneous admission. Under the facts shown by the record, the plaintiff had a right to retain the moneys in his hands, belonging to the estate of Francis Parham, until it could be used in payment of the debt for which he was bound as surety for Parham. The other sureties were insolvent, and the executor, who was one of the sureties, had no bondsmen. The amount due to Moody was controverted, and the money could not be paid to him until the amount due was judicially ascertained. The retention of the money, under these circumstances, was the dictate of prudence, and was a legitimate exercise of the right of self-preservation; and the retention of the money being authorized, there was no liability for interest on it. *Sims & Hollis v. Wallace*, 6 B. Monroe, 411; 1 Dev. Eq. (N. C.) 151; 2 *Ib.* 31; 26 Ala. 729; 36 Ala. 716; *McKnight v. Bradley*, 10 Rich. Eq. (S. C.) 569. When a factor sells the goods of his principal, and duly notifies the principal of the sale, he can only await instructions, and is not liable for interest in the meantime.—7 Ala. 340; 21 Ala. 378; 1 Ala. 121; 6 Porter, 46; Story on Agency, 33–5, 110–13; 3 Abbott's Digest, 132, §§ 52-4; 3 Clinton's Digest, 2776, §§ 298–9; 8 Barbour, 377. As to the charges asked by plaintiff, and

[Tyree v. Parham's Executor.]

given by the court, but not so indorsed, the bill of exceptions shows a plain violation of an imperative duty imposed by statute.—Code, § 3109; 43 Ala. 32; *Eiland v. State*, 52 Ala. That this error worked injury to the plaintiff, is shown by the testimony of the juror on the motion for a new trial, as set out in the record.

W. P. WEBB, and W. COLEMAN, *contra.*—Until Tyree paid the money.to Moody, he had no claim against the estate of Parham, his deceased principal, and no right to retain the money in his hands against his contingent liability.—*Stallworth v. Preslar*, 34 Ala. 505 ; *Sanders v. Watson*, 14 Ala. 199; *Foster v. Trustees*, 3 Ala. 302. Parham's executor had the exclusive right to demand the money, and the refusal to pay it to him rendered plaintiff liable to pay interest on it after the demand.—44 Ala. 627; 46 Ala. 286; 1 Brickell's Digest, 932, § 204. The admission of the memorandum made by Berry, if erroneous, could have worked no injury, since the amount and contents of the judgment had already been proved by a certified copy. The proceedings had on the motion for a new trial are not revisable. The charges given, but not indorsed, might have been refused without error.

SOMERVILLE, J.—The testimony of the witness George W. Parham, in which he was permitted to state to the jury, from a written memorandum, the date and amount of the judgment in favor of Moody, was objectionable only on the ground that it was secondary evidence, and carried on its face the indication that better evidence remained behind of the existence and contents of such record. And while the judgment itself, or a copy properly certified by an authorized officer, one sworn to, or exemplified, was the only primary evidence, the admission of the secondary proof could work no possible injury to appellant, in as much as a copy of the judgment had already been introduced in proper form.

We are of opinion that the appellant, Tyree, had no right to retain the money in his hands, belonging to the estate of Francis Parham, after the payment of it was demanded by the executor. A surety, until he actually pays the debt of his principal, has no available demand against him, or his estate, which can be used as a set-off. His right of action against the principal commences only with his payment or satisfaction of the debt for which he stands bound as surety. Waterman on Set-off, § 88; *Stallworth v. Preslar*, 34 Ala. 505. Whether a court of equity might not intervene, where the principal was insolvent, on a proper case being made by the

surety, is a question not here presented for our consideration. *Sims v. Wallace*, 6 B. Monroe, 412.

Appellant was, therefore, liable for interest on the moneys in his hands, from the date of the demand made on him by the executor of Francis Parham. Being a commission-merchant and cotton-factor, he held the funds of the testator, proceeding from the sale of his cotton, as a mere agent, or bailee, subject to his order on demand. He had promptly rendered a statement of the account of sales, and had even kept the money in bank on deposit, separate from his own; thus exercising a greater degree of care than the law exacted of him in this particular regard. Had no demand, under these circumstances, been made by one authorized to sue for the money, no liability for interest would have been incurred. Interest commenced to accrue, and was payable, only from the date of such demand.—*Ingersoll v. Campbell*, 46 Ala. 282; *Gunn v. Howell*, 35 Ala. 144. The rule of duty governing in such cases is properly stated as follows, in Edwards on Factors and Brokers, § 91 : "He [the factor] is bound to render an account, within a reasonable time, without being called on to do so; but he is at liberty to wait for instructions as to the mode of remitting or paying over money belonging to the principal. For it is settled, that an action can not be maintained against him, for money had and received, without showing either a demand, or a failure to remit pursuant to instructions; or that, according to the course of the business, it was his duty to remit without waiting for instructions." *Cooley v. Betts*, 24 Wendell, 203; *Jellison v. Lafonta*, 19 Pick. 244.

The proposition enunciated in the second head-note of *Williams v. McConnico*, 44 Ala. 627, that a commission-merchant is liable for interest on a balance in his hands in favor of his principal, in the absence of some contract or usage of trade to the contrary, is not universally correct. In the opinion of SAFFOLD, J., on an application for rehearing in the same case, it was not only expressly doubted, but the point was held not to have been raised by the record for decision in the first instance.

The appellant's counsel insist that the three charges, given at his (the plaintiff's) request, should have been indorsed "*given*" by the presiding judge, and signed by him, as required by section 3109 of the Code of 1876; and that it was error to permit them to go to the jury, without such indorsement and signature; from which, it is argued, that injury may be presumed. As this statute has been held to be mandatory, and not simply directory, the duty of the circuit judge is plainly designated by its peremptory provisions.—*Miller v.*

*Hampton*, 37 Ala. 342. But the record presents no exception to his action, which raises any question for the consideration of this court. There was no objection interposed, at the proper time, to the action of the court in allowing the charges to go to the jury, in the form in which they were ; and it was the irremediable misfortune of the plaintiff, that the discovery was not made in time for such objection, which should have been before the jury left the bar.—*City Council v. Gilmer*, 33 Ala. 116 ; 38 Ala. 514.

The proceedings had on the motion for a new trial, based on this ground, are properly no part of the record in the cause, are not revisable on error, and can not be looked to by the appellate court for any purpose whatever.—2 Brick. Dig. 296, § 1, cases cited.

We take occasion here again to condemn the practice, so often indulged, of incorporating redundant matter in bills of exceptions, thus rendering the record confused and unnecessarily voluminous. It is desirable that the bill should state only "the point, charge, opinion or decision, *wherein the court is supposed to err*, with such a statement of the facts as is necessary to make it intelligible."—Code, 1876, § 3108. It is unnecessary to set out the general charge of the court, if unexcepted to, as it can cure no error committed in the improper giving or refusal of a charge requested by either party. It is equally so, to load the record with the cumulative testimony of witnesses who repeat in substance the same facts. And the habit of incorporating the pleadings and rulings of the court on demurrers in the bill of exceptions, is improper, and should be discouraged. Such matters need be shown by the record alone, apart from the bill.

The rulings of the Circuit Court are in conformity with these views, and its judgment is affirmed.