# Washington v. The State.

*Indictment for Larceny.*

1. *Evidence; general and special objections.*—When evidence offered is patently and palpably inadmissible for any purpose, a general objection is sufficient to justify its exclusion; but when the offered evidence is not of this character, there must be special objection pointing out the grounds of its irrelevancy or illegality.

2. *Same.*—Where a question calculated to elicit incompetent or irrelevant evidence is allowed to be asked without objection, the party against whom the evidence is sought to be introduced, can not, after the question has been answered, have the answer excluded on the ground of its irrelevancy or illegality, if it is responsive to the ques-

[Washington v. The State.]

tion; the law not allowing the parties to speculate in this way upon the evidence.

3. *Confessions; must be voluntary before admissible in evidence.*—Before confessions of an accused are admissible in evidence against him, it must appear that they were made voluntarily; and when the facts and circumstances under which the confessions were made affirmatively show that there were no improper influences proceeding from the person to whom they were made, or from any other person, or from the circumstances surrounding the defendant at the time they were made, such confessions are *prima facie* voluntary and admissible; and such confessions would not be rendered inadmissible because induced by a promise of a collateral benefit.

4. *Larceny; admissibility of parol evidence of the existence of a contract.*—On a trial under an indictment in which the defendant is charged with the larceny of coal from a railroad car, and the evidence tends to show that the larceny was committed while the defendant was employed by the owners of the coal to haul the same from the car, parol evidence of the contract of employment of the defendant, which was in force at the time of the commission of the alleged larceny is admissible.

5. *Larceny from a railroad car, and not embezzlement.*—Where a person who is employed by the owners thereof to haul coal from cars, and to deliver it at a certain designated place, and who, for this purpose has access to the coal, but has no other possession or control over the cars or coal, without the knowledge or consent of the owner takes and sells and delivers, on his own account, with a felonious intent, the coal from the cars, such person is guilty of larceny and not embezzlement.

5. *Trial and its incidents; charges.*—The fact that a charge which was so badly defaced as to render it difficult to tell whether the word "Given" or "Refused" was written thereon, as required by statute, (Acts 1888–89, p. 90) was read by the court to the jury, and after stating that the charge was given, the court allowed it to go to the jury, constitutes no reversible error.

Appeal from the City Court of Mobile.

Tried before the Hon. O. J. Semmes.

The appellant was indicted, tried and convicted of larceny of coal from a car, and was sentenced to the penitentiary for two years.

The evidence for the State tended to show that the defendant was employed by the Mobile Light & Railway Company to haul coal from the cars, which were located at a certain place on a certain street in the city of Mobile, to the power house of the said corporation; and that while so engaged in hauling the coal, he sold some of it and had it hauled away to the person to whom it was

sold; and that this sale was made through his agents. The defendant, as a witness in his own behalf, denied having sold any of the coal, and introduced evidence tending to impeach some of the State's witnesses. The two persons whom the State's evidence tended to show were the agents or accomplices of the defendant in making the sale, were arrested and put in jail at the same time as the defendant. These two persons, as witnesses for the State, testified as to certain confessions made by the defendant, tending to show that he was guilty of the offense charged in the indictment. As preparatory to the introduction of these confessions, and as tending to show that they were voluntary, the said witnesses testified that the statements were made by the defendant while they were in prison. The witnesses further testified that after they were arrested they were carried to the office of the chief of police several times; and they were asked by the defendant's counsel the following question: "Didn't chief say it would be better for you to tell the truth?" The witness answered, "Might have said so, but I can not say really." The defendant objected to these witnesses testifying to the confessions, and duly excepted to the court's overruling his objections.

J. H. Wilson, a witness for the State, testified that he was vice-president and general manager of the Mobile Light & Railway Company; that he knew R. B. Washington. Thereupon the solicitor asked him the following question: "As general manager of the company didn't Washington (the defendant) have a contract for hauling coal for you?" The defendant objected to this question, and duly excepted to the court's overruling his objection. The witness testified that he had an arrangement with Washington for hauling coal; that the previous contract was not in writing; that the contract in writing was made in June, 1894, which was after the commission of the offense for which the defendant was indicted. The witness further testified that the defendant was paid a certain amount for hauling coal between the cars and the power house of his company. The defendant objected to the witness testifying in regard to this contract, because if it was in writing, the writing was the best evidence of what the contract was. The court overruled this objection, and the defendant duly

excepted. The other facts of the case are sufficiently stated in the opinion.

LESLIE B. SHELDON, for appellant.—The charges requested by the defendant, which asserted his right to an acquittal, if the jury believed him guilty of embezzlement, were improperly refused.—*Johnson v. State*, 94 Ala. 35; *Pate v. State*, 94 Ala. 14; *Johnson v. State*, 105 Ala. 113.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted and convicted of grand larceny. A great many exceptions were reserved to the ruling of the court upon the admission and exclusion of evidence introduced or offered in the progress of the trial. In almost every instance the objection seems to have been of a general character, without specifying any particular ground of objection. A general objection is sufficient, when the evidence offered is patently and palpably inadmissible for any purpose. When the evidence offered is not of this character, the court is not bound to cast about for the grounds of the objection. Furthermore, a party can not sit by and hear a question propounded without objection calculated to elicit illegal or irrelevant evidence which may be favorable to him, and after the question has been answered, raise an objection to the question, or to the answer, if it is responsive. Parties will not be allowed to speculate in this way  The rule requires that the party appealing must affirmatively show error.

Confessions to be admissible must be voluntary, and that they were voluntary must appear. This is usually shown by an examination *voir dire* as to promises and threats, &c. Where, however, the facts and circumstances under which they were made  affirmatively show, that there were no improper influences proceeding from the person to whom they were made, or from any other person, or from the surrounding circumstances the confessions are *prima facie* free and voluntary and are admissible, and the same is true where an inducement involves "only a collateral benefit."—*Hornsby v, The State*, 94 Ala. 55, 64; *Stone v. The State*, 105 Ala. 60.

The confessions testified to by the witnesses who were

alleged to have acted as accomplices, and also the conversation testified to by the witness Williamson come within this rule.   We are also satisfied from the record that the confessions admitted in evidence, were made before the conversation in the presence of the chief of police, referred to in the cross-examination of the witness Rox Thomas.

We are of opinion that a larceny of coal from the railroad car was shown, and the ownership and possession of the property sufficiently identified and established, to justify the court in refusing the general charge of acquittal.

The court did not err in receiving parol evidence of the contract of employment of defendant in force at the time of the commission of the alleged larceny.   The vice-president of the company, J. H. Wilson, testified that the written contract was entered into at a subsequent period.   His was all the evidence on the question before the court, at the time it was admitted.

The facts do not tend to show, that the defendant had such possession or control of the car in which the coal was placed, or of the coal, as that a fraudulent conversion and sale of the property, would constitute the offense of statutory embezzlement, and not of larceny. The defendant was employed to haul the coal when needed from the cars and deliver it at a certain designated place, and for this purpose had access to it, but had no other possession or control over the cars or coal.   According to the theory of the State, with the aid of his accomplices, the defendant sold and delivered coal on his own account to private families in the city of Mobile, which was loaded into carts direct from the cars, for this purpose, without the knowledge or consent of the owner.   If this was done with a felonious intent, under the facts the offense was larceny..   Giving the entire evidence a fair construction, there was none to authorize a jury to infer that the ownership or possession of the Mobile Light & Railway Company of the cars, and coal contained therein, was merely constructive ; or that the defendant had such possession of the coal *as the agent* of the corporation, so as to change an offense, which at common law was larceny, into that of statutory embezzlement, created and defined in section 3795 of the Criminal Code.

[Dougherty v. The State.]

The charges requested by defendant, which asserted his right to an acquittal, although the jury might believe beyond a reasonable doubt, that he was guilty of embezzlement or some other offense than larceny, were abstract and misleading, and were properly refused.

The fact that a charge was so badly defaced as to render it difficult to tell whether the word "Given" or "Refused" was written thereon, as required by statute and which was allowed to go to the jury, was not reversible error, especially, where the record shows that the court read it to the jury, and stated that the charge was given, and the jury took it with them in their retirement. No other charges are allowed to go to the jury except those marked "Given."—Acts of 1888-89, p. 90. It would seem from the case of *Tyree v. Parham*, 66 Ala. 424, that even had there been error, it was the defendant's "irremediable misfortune" that he could not have known of the error, so as to have interposed an objection.

There is no error in the record.

Affirmed.