[Price v. The State.]

# Price *v.* The State.

*Indictment for Grand Larceny.*

1. *Evidence ; statements made in the absence of defendant hearsay and inadmissible.*—The testimony of witnesses as to what another witness told them, in defendant's absence, that defendant said to him, is merely hearsay and inadmissible on the question of the defendant's guilt ; and such testimony cannot be introduced for the purpose of impeaching the credibility of the witness, after he had denied making such statement as testified to by said witnesses, except by first laying a proper predicate.

2. *Same ; admissibility of admissions and confessions ; presumption on appeal.*—While, to authorize the admission of declarations and confessions as evidence against the party on trial under a criminal charge, it is the duty of the court to ascertain that they were freely and voluntarily made, still, on appeal, it will be presumed that the trial court properly performed this duty before such confessions and declarations were admitted in evidence, unless the record affirmatively shows that the court did not do so and erred in its action.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

The facts of the case are sufficiently stated in the opinion.

CHAS. L. BROMBERG, JR., for appellant, cited *Bradford v. State,* 104 Ala. 68 ; *Brown v. State,* 79 Ala. 51.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted and convicted of the offense of grand larceny of meat from a dwelling house. There was some evidence tending to show that meat was stolen from the dwelling house of one John H. White during an entertainment given by White, and among other facts it was in evidence that defendant was present at the entertainment, and left during the night for his home. Henry Johnson was examined in chief as a witness for the defendant, and on cross-examination by the solicitor for the State, testified

8

that the defendant "did not say he would give me ten dollars if I would say I went home with him" from the premises of White. In rebuttal, the State examined John H. White and his wife, both of whom testified that Henry Johnson stated that the defendant "told him if he would swear that he went home with him, the night of the party, that he would give him ten dollars." The testimony of these two witnesses, John H. White and his wife, relative to the statement of Henry Johnson, having been made in the absence of the defendant, was hearsay and inadmissible as evidence upon the question of the guilt or innocence of the defendant. The only purpose for which such testimony could be legally admitted, would be to impeach the credibility of the witness Henry Johnson by showing that he had made contradictory statements, and this could not be done, except by first laying a proper predicate. The court erred in refusing to instruct the jury to this effect at the request of the defendant.—*Brown v. The State*, 79 Ala. 51. The error noted necessitates a reversal of the case.

There is another exception to the ruling of the court, admitting conversations and declarations of the defendant, which is entitled to our consideration. The record fails to show affirmatively what, if any, preliminary action was taken by the court to ascertain that the conversations and declarations were made free and voluntary, before admitting them in evidence. The objection to the question which elicited this evidence was put upon the ground that it called for "irrelevant, incompetent and immaterial" evidence, omitting the objection of "illegality." It cannot be denied that there are decisions of this court which go far to sustain the exception as taken. *Amos v. The State*, 83 Ala. 1, and authorities cited ; *Bradford v. The State*, 104 Ala. 68 ; *McAlpine v. The State, ante,* p. 93. We have decisions, however, which to a great extent have qualified the strictness of the rule as thus stated. The case of *Stone v. The State*, 105 Ala. 60, held that the declarations were admissible, notwithstanding there was nothing in the record to show specifically and affirmatively that the court ascertained that the declarations were freely and voluntarily made. In the case cited it was held that the mere circumstances under which they were made, were sufficient to establish a predicate for their admission. In the case of *Washington v. The State*, 106

Ala. 58–61, this court used the following language: "Confessions to be admissible must be voluntary, and that they were voluntary must appear. This is usually shown by an examination *voir dire* as to promises, threats etc. When, however, the facts and circumstances under which they were made, affirmatively show that there were no improper influences proceeding from the person to whom they were made, or from any other person, or from the surrounding circumstances, the confessions are *prima facie* free and voluntary and are admissible, and the same is true when an inducement involves only a "collateral benefit."

We are of opinion that in some of our decisions, the rule declaring that the record must show affirmatively that the confessions were freely and voluntarily made is not in accord with well recognized rules of practice. We would not relax one iota the principle, which holds that to render confessions and declarations competent evidence in a criminal prosecution, it is necessary that they were freely and voluntarily made; nor would we detract from the other rule, that confessions should always be received with great caution. Recognizing these principles and giving them their full force and effect, they should never be so applied as to render nugatory the well established rule of practice, that on appeal error must be affirmatively shown. When declarations or confessions are offered in evidence, the duty devolves upon the trial court to ascertain and adjudge whether they were freely and voluntarily made. If so adjudged, the confessions are admitted in evidence. The presumption on appeal is, in favor of the correctness of the ruling of the trial court. The burden is on the party excepting to overcome this presumption, by showing affirmatively the court erred in its conclusion. The principle held in the former of the decisions cited reverses this rule, and holds that *prima facie*, the court erred in its judgment, and puts the burden on the court, by affirmative evidence, to show that its conclusion was free from error. In the case of *Bonner v. The State*, 55 Ala. 242, where evidence of confessions was offered, one witness testified that they were freely and voluntarily made, two others testified that inducements were held out to the prisoner to confess. The court admitted the confessions. On appeal this court held, "that the ap-

pellate court, in revising such rulings, as in revising other rulings by an inferior court, on controverted questions of fact, will not reverse the judgment unless it appears to be manifestly wrong."

In the case of *Meinaka v. The State*, 55 Ala. 47, in discussing the same question, we used the following language : "It is our duty to make every reasonable intendment, to indulge every reasonable presumption in favor of the correct ruling of the circuit court, which the record does not affirmatively repel. Error is not presumed, but must be proved by the record."

After deliberately considering the question our conclusion is, that to authorize the admission of declarations and confessions as evidence against a party on trial for a criminal charge, it is the duty of the court to ascertain that they were freely and voluntarily made. On appeal we will presume, that the court performed its duty and ruled properly, unless the record affirmatively shows, that the court erred in its action. We think this the better rule, and more in harmony with principles which apply in appellate courts.

Reversed and remanded.