# Green *v*. The State.

*Murder.*

(Decided July 6, 1910.   53 South. 286.)

1. *Evidence; Confessions; Presumptions.*—Where all the circumstances tend strongly to show that the confessions were voluntarily made, the prima facie presumption that they were involuntary is overcome.

2. *Same; Made While Under Arrest.*—The fact that confessions were made while under arrest does not of itself render them inadmissible.

3. *Appeal and Error; Presumptions.*—In the absence of evidence to the contrary it will be presumed that the court did its duty in ascertaining that the confessions were voluntarily made before admitting them in evidence.

4. *Same; Evidence; Curing Error.*—If error had been committed in refusing to allow a matter to be shown in evidence. it was cured if the matter was subsequently permitted to be introduced.

5. *Same; Harmless Error; Remarks of Court.*—Where the judge had refused to permit defendant to state the purpose for which he

[Green v. The State.]

had his gun at the time he killed his wife, and he subsequently admitted such evidence saying, "the rabbit has now been jumped and I will now let you put that witness on the stand again if you want him" (the evidence desired being that defendant's wife had requested him to take the gun to kill a rabbit for her), such statement by the court was not prejudicial to the defendant.

6. *Witnesses; Impeachment; Bias.*—A defendant cannot, to show bias or prejudice of a witness, in the absence of anything more show that such witness was hired out by another witness for the state to a third witness for the state.

7. *Homicide; Evidence; Scene of Crime.*—Where there was evidence from which it could be inferred that the place testified to by a defendant's witness was the location of the scene of the crime, under the testimony of the state's witnesses, and the defendant's defense was that the shooting was accidental from stumbling, the witness should have been allowed to testify as to a scar he found on a pine root in the woods at the place about which he testified, as it is admissible to describe the scene of the crime and to corroborate other evidence admitted without objection, and to disprove similar evidence introduced by the state; and this is true although the witness was unable to identify the place he examined as that of the scene of the crime.

8. *Evidence; Opinion; Qualification to Give.*—Before one may testify as to the degree of intelligence possessed by another he must be shown to be qualified to give an opinion on that subject.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. H. ALSTON.

John Green was convicted of manslaughter and he appeals. See in this connection also 160 Ala. 1; 49 So. 676. Reversed and remanded.

JAMES W. STROTHER, for appellant. The court erred in admittting the confessions as they are prima facie involuntary and inadmissible.—*McAlpine v. The State,* 117 Ala. 92; *Bradford v. The State,* 104 Ala. 70; *Wilson v. The State,* 84 Ala. 426; *Banks v. The State,* 84 Ala. 431. Counsel discusses other assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State.

MAYFIELD, J.—Defendant was indicted for the murder of his wife, was convicted of manslaughter, and sentenced to the penitentiary for seven years.

The evidence was undisputed that deceased was killed by a gunshot wound, and that the gun was in the hands of the defendant when it was fired. The defense was that it was an accidental killing; that deceased and defendant were walking down a hill or slant, deceased being in front and defendant a few steps in the rear; that while so walking defendant stumbled and came near falling, and in his endeavor to regain his equilibrium the gun was accidentally discharged, the load entering the body of deceased about her shoulders and neck. The state proved quite a number of prior statements by the defendant as to how the killing occurred, many of which were not materially different from his present version as to how it happened; others were slightly different in details; but all of these statements as to how the killing occurred tended to exculpate defendant or to show that the killing was an unavoidable accident. There was, however, proof of some statements by him which were in the nature of threats, and of one statement (made to a woman) that he just killed his wife to get her out of the way. The defense objected to the proof of these various statements by the defendant, on the ground that they were confessions and were not shown to be voluntary. All the circumstances tend strongly to show that they were all voluntary, and this overcame the prima facie presumption of law that they were involuntary. See former appeal, 160 Ala. 1, 49 South. 676. The court overruled each of defendant's objections, to which ruling the defendant excepted, now assigning the same as error.

Each of these rulings thus excepted to has been separately considered; and we find no reversible error as

to any one. But few of the statements were confessions of guilt. They were nearly all explanatory statements, and favorable to the innocence of the defendant—just such statements as we would expect the defendant to prove if permitted so to do. A few of them tended, however, to contradict his own evidence as to how the killing occurred, but only as to matters of detail. They all tended to show that the killing was an unavoidable accident. But, if they were all confessions or statements in the nature thereof, we could not say that the court erred in allowing proof thereof. While the preliminary proof, is not as abundant as it might have been to rebut the presumption that the confessions were involuntary, yet we are not willing to say that the court erred in any instance in admitting the proof of the declarations. In fact, we feel sure that they were all voluntarily made. There is no direct proof to show that defendant was under any mental duress when he made any of the statements. There is no evidence of any threats or persuasion on the part of any one to induce or compel the statements. They were shown to be wholly gratuitous on the part of defendant. While some of the statements were answers to questions, in each instance the defendant had volunteered to tell how the accident occurred, and, as before stated, they were nearly all exculpatory; and, but for the fact that they were called for by the state, they would be self-serving declarations for the defendant. There is no direct proof, and no circumstance, to show that any one of these statements was not voluntary.

"Confessions, to be admissible, must be voluntary, and that they were voluntary must appear. This is usually shown by an examination voir dire as to promises and threats, etc. Where, however, the facts and circumstances under which they were made affirmatively

show that there were no improper influences proceeding from the person to whom they were made, or from any other person, or from the surrounding circumstances, the confessions are prima facie free and voluntary, and are admissible; and the same is true where an inducement involves 'only a collateral benefit.'—*Hornsby v. State,* 94 Ala. 55, 64, 10 South. 522; *Stone v. State,* 105 Ala. 60, 17 South. 114; *Washington's Case,* 106 Ala. 58, 17 South. 546."

"The law undoubtedly requires that a confession should be shown, prima facie, to have been voluntary, before it is admitted in evidence to the jury. This is usually shown by negative answers to the questions, 'whether the prisoner had been told that it would be better for him to confess, or worse for him if he did not confess, or whether language to that effect had been addressed to him.'—*Mose v. State,* 36 Ala. 211. Direct questions of this character are not, however, indispensable. The court will look to all the attending facts and circumstances, and, if it appears the confession was voluntary, will admit it.—*King v. State,* 40 Ala. 314."

"But the mere fact that confessions were made while a party was under arrest does not render them inadmissible.—*McElroy v. State,* 75 Ala. 9; *De Arman v. State,* 71 Ala. 351; *Jackson v. State,* 69 Ala. 249; *Spicer v. State,* 69 Ala. 159."

"While it is the duty of the court to ascertain that confessions were voluntary before admitting them in evidence, the appellate court will presume that the lower court did its duty in so ascertaining, unless the contrary appears.—*Price v. State,* 117 Ala. 113, 23 South. 691; *Washington v. State,* 106 Ala. 58, 17 South. 546." See 1 May, Dig. pp. 203, 204, 205.

The court did not err in declining to allow the defendant to prove that Ephriam Wright, a third party,

hired out one of the state's witnesses to another third
party, Wood McAdory. It is true that these third par-
ties were state's witnesses, but there was nothing to
show that this hiring would tend to prejudice or bias
any state's witnesses against the defendant. Neither
the state nor the defendant had anything to do with
the hiring, and the only interest any of the parties
were shown to have in the prosecution was that they
were witnesses for the state. This would be extending
the rule too far, in order to show bias or prejudice on
the part of a witness.

If there was any error in declining at first to allow
defendant to testify as to the purpose for which he had
his gun on the occasion of the killing (a question we do
not decide), it was subsequently cured by the court's
allowing him to testify as to how he happened to have
his gun on that occasion. Nor was there reversible er-
ror in the judge's remark, made at the time he subse-
quently admitted such evidence by the defendant, that
"the rabbit has now been jumped. I will therefore let
you put that witness on the stand again if you want him
now"—the evidence desired by the defendant being
that his wife had requested him to take the gun on the
occasion to kill a rabbit for her.

The court did err, however, in declining to allow
the witness Truitt to testify as to a scar he found on
a pine root in the woods at a place claimed by the wit-
ness to be the scene of the killing. This evidence was
admissible to describe the scene of the crime, and to cor-
roborate other evidence introduced without objection
and to disprove similar evidence introduced by the state.
It was not necessary that this witness himself should
be able to identify the place he examined to have been
the place of the killing. There was evidence from which
the jury could infer that the place testified to by this

[Treadwell v. The State.]

witness was the place testified to by the state's witness-es as to the scene of the crime.. The court did not err in declining to allow the witness Johnson to testi-fy as to the degree of intelligence possessed by the de-fendant. There was no issue or evidence of insanity or imbecility on the part of defendant; nor was the wit-ness, Johnson, shown to be qualified to give an opinion upon that question, if the evidence had been admissible For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.