## BAZZELL v. STATE.   (3 Div. 393.)

(Court of Appeals of Alabama.   May 30, 1922.
Rehearing Denied June 20, 1922.)

1. **Criminal law** ☞1124(4)—**Denial of new trial not reviewed, where it does not appear what evidence was offered in support.**

The action of the trial court in overruling a motion for new trial will not be reviewed, where it does not appear what evidence was offered in support of the motion.

2. **Criminal law** ☞359—**Evidence as to size of man who ran away from still held admissible.**

Where, in a prosecution for violation of the prohibition law, a witness testified that defendant was arrested after he had made an attempt to run off from the still, evidence by the same witness as to the size of the man that ran away from the still at the time of the arrest of defendant was admissible.

3. **Criminal law** ☞1144(12)—**Appellate court will presume confession was properly admitted, in absence of showing to the contrary.**

The appellate court will presume that a confession was properly admitted, and that a proper predicate was laid for the admission, in absence of a showing to the contrary in the record, especially where no objection was made nor exception taken to the admission.

4. **Criminal law** ☞695(2)—**Objection to answer of several elements must state portion objected to.**

An objection to an answer containing several elements should set out fully the portion objected to.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Will Bazzell was convicted of violating the prohibition law, and he appealed.   Affirmed.

C. E. O. Timmerman, of Prattville, for appellant.

There is no proof of venue, and therefore the affirmative charge ought to have been given.   Section 7140, Code 1907; 100 Ala. 123, 14 South. 869.   There were several counts in the indictment, some charging felony, and some charging misdemeanor, and this rendered a general verdict improper. 10 Ala. App. 105, 65 South. 205; 61 Ala. 4.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.   The appellant was convicted under an indictment which charged him with the manufacture of whisky, and of having a still in his possession to be used for the purpose of manufacturing whisky.

[1, 2] This court will not review the action of the trial court in overruling the appellant's motion for a new trial, for the reason that it does not appear what, if any, evidence was offered in support of the motion.   It was competent for the state's witness Scarbrough to testify, over the defendant's objection, as to the size of the man that ran away from the still, at the time of the alleged arrest of the defendant.   This witness had previously testified that the defendant was the person arrested, and that such arrest was made after he made an attempt to run off.

No objection was made on the trial as to the proper predicate being laid for the introduction of the confession of the defendant to the witness Scarbrough, and, if objection had been timely made, it would be unavailing, as the record discloses such confession to have been voluntarily made, without threats or inducements of any kind being made or offered.

[3] The contrary not appearing from the record, this court will presume that the lower court properly admitted the alleged confession of the defendant to the witness Crow, and that the proper predicate was laid for the admission of such confession.   Green v. State, 168 Ala. 92, 53 South. 286; Price v. State, 117 Ala. 113, 23 South. 691.   Moreover, there was no objection made nor exception taken to the ruling of the court in this respect.

[4] The witness Manning testified that he did not see the defendant arrested, "but heard, as I came home that night, that he was arrested."   The defendant made a motion to exclude that portion of witness' testimony in which he stated, "I heard that night as I came home," etc.   Evidently there was no error in overruling the motion to that part of the answer as set out above.   If the defendant had desired the benefit, if any there was, to the court's ruling, he should have set out fully the portion of the answer to which his objection was addressed.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.