CORBIN v. STATE. (8 Div. 996.)

(Court of Appeals of Alabama. July 14, 1923. Rehearing Denied Oct. 30, 1923.)

1. Criminal law ☜519(4) — Voluntary statements to officer just after arrest admissible as confessions.

Statements made by defendant to an officer just after arrest, with reference to the homicide with which he was charged, shown to have been made without threats or inducements, are voluntary and admissible as confessions.

2. Criminal law ☜517(1, 3)—Confessions to be admissible must be voluntary.

Confessions to be admissible must be voluntary, and that they were voluntary must appear.

3. Criminal law ☜527—Confession held not within Code, making confessions of a child under 16 years of age inadmissible.

In prosecution for murder, where evidence showed defendant was 16 years of age at the time of the homicide, and that his father was present when he made statements to the chief of police, which were admitted as a confession, the statements were not within Code 1907, § 6464, as amended by Acts 1915, p. 577, § 14, providing that confessions of a child under 16 years of age shall not be admissible against him.

4. Criminal law ☜368(3)—Evidence describing details at time of difficulty part of res gestæ.

In a murder prosecution, evidence that when witness saw deceased was cut he took him and started to a doctor's office and caught defendant and took the knife away from him, and this was right there at the time of the difficulty, was admissible as part of the res gestæ.

5. Criminal law ☜368(2)—Evidence that witness cautioned another that defendant had a knife held admissible as res gestæ.

In prosecution for murder statement of a witness that he told another to get away as defendant had a knife in his hand, made immediately before the fatal blow, was admissible as part of the res gestæ.

6. Criminal law ☜390—Defendant cannot testify as to his motive or intent.

In prosecution for murder, there was no error in sustaining objection to a question to defendant as a witness as to whether he intended to cut deceased on the occasion in question; defendant not being allowed to state in

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his own behalf the uncommunicated motive or intention with which he did the act.

**7. Criminal law ⬅814(3)—Instructions not predicated on evidence properly refused.**

Instructions in a murder prosecution, which were not predicated on evidence, were properly refused.

**8. Criminal law ⬅829(1)—Refusal of charge covered by charge given not error.**

The refusal of defendant's charge, which was fully covered by the oral charge of the court, was not error.

**9. Homicide ⬅300(3)—Refusal of charge not predicated on evidence, hypothesizing self-defense in general terms and omitting constituent elements of self-defense, not error.**

In a prosecution for murder, a charge that if, at the time defendant struck deceased with a knife, he thought it was closed, and a blow struck by a closed knife was not reasonably calculated to produce death, to find nothing more than manslaughter in the second degree, and that if defendant struck in self-defense to acquit, was not predicated on evidence, hypothesized self-defense in general terms, and omitted the constituent elements of self-defense, and was properly refused.

**10. Homicide ⬅300(7)—Refusal of abstract charges on character of deceased not error.**

In a murder prosecution, where there was no evidence that deceased was a man of bad character, there was no error in refusing abstract charges to consider evidence of deceased's general bad character in determining who was the aggressor in the difficulty.

**11. Criminal law ⬅789(8)—Refusal of charge to acquit, unless evidence excluded every hypothesis but that of guilt, not error.**

In a murder prosecution, it was not error to refuse a charge to find defendant not guilty, unless the evidence was such as to exclude to a moral certainty every hypothesis but that of guilt; the law requiring exclusion only of every other reasonable hypothesis.

**12. Criminal law ⬅798(1)—Charge requiring acquittal if one juror had reasonable doubt of guilt held faulty.**

In a murder prosecution, a charge that required an acquittal if any one of the jurors had reasonable doubt as to defendant's guilt was faulty.

**13. Homicide ⬅268—Refusal of affirmative charge proper where evidence conflicted.**

In murder prosecution, where there was conflict in the evidence and ample evidence to justify a conviction, the affirmative charge for defendant was properly refused.

**14. Homicide ⬅11—Refusal of charge requiring finding of previous malice to convict of murder not error.**

In a murder prosecution there was no error in refusing a charge requiring a finding that defendant acted from previous malice before they could convict of murder, malice at the time of the killing being all that is required.

**15. Homicide ⬅146—Malice presumed if killing was intentionally done with deadly weapon unless extenuation therefor.**

Malice may be presumed if the killing was intentionally done with a deadly weapon unless the evidence which proves the killing shows excuse or extenuation.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Riley Corbin was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Corbin, 210 Ala. 369, 98 South. 134.

These charges were refused to defendant:

"6. Gentlemen of the jury, if the defendant, at the time he struck deceased with his knife, thought said knife was closed in his hand and a blow struck by defendant on deceased with a knife closed in his hand was not reasonably calculated to produce death, you should not find the defendant guilty of anything more than manslaughter in the second degree, and, if you further find that defendant struck deceased in self-defense, you should acquit him entirely."

"14. The court charges the jury that you are authorized to consider evidence of the general bad character of deceased for peace and quiet in connection with all the other evidence in the case in determining who was the aggressor in said difficulty.

"15. The court charges the jury, that you should find the defendant not guilty, unless the evidence against him is such as to exclude to a moral certainty every hypothesis but that of his guilt."

"21. Gentlemen of the jury, unless the evidence convinces each of you beyond all reasonable doubt and to a moral certainty that defendant acted from previous malice in cutting deceased, you cannot find him guilty of murder in either degree."

"25. The court charges the jury that if Tom Haney had the character of a dangerous man when drinking, and defendant had knowledge of such character of said Haney, and the defendant undertook to make a lawful arrest of said Haney, and Haney made an assault on the defendant with an open knife, then the defendant had a right to act more promptly and with more force than he otherwise might have used but for such character of Tom Haney."

"27. The court charges the jury that, if. you find from the evidence that Tom Haney was a dangerous and bloodthirsty man when drink-. ing and this fact was known to the defendant, said defendant would be justified in taking more prompt action to defend himself than if said Tom Haney had been of a peaceable and quiet disposition."

D. Isbell, of Guntersville, for appellant.

Defendant had the right to have the jury charged on the phase of the case that he did not know that his knife was open when he struck. Lewis v. State, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; Snyder v. State, 145 Ala. 33, 40 South. 978; Reynolds v. State, 154 Ala. 14, 45 South. 894; Fowler v. State,

161 Ala. 1, 49 South. 788; Warren v. State, 197 Ala. 313, 72 South. 624.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges not predicated upon the evidence are bad. Edwards v. State, 205 Ala. 160, 87 South. 179.

FOSTER, J. The defendant, appellant, was tried for murder in the first degree and convicted of murder in the second degree. The evidence for the state tended to show that the deceased, Brown Oaks, the defendant, Riley Corbin, and several others had been to church just before the fatal difficulty occurred. While near the church something was said about going to an all day singing next day. Deceased and several others rode in an automobile to the town of Arab about an eighth of a mile from the church, and were getting gasoline and oil when the defendant came walking from the direction of the church. There was evidence tending to show that the defendant provoked the difficulty in which he cut deceased with a knife, from which wound the deceased died shortly thereafter. There was evidence that the deceased had no weapon.

The defendant insisted that the deceased struck him first and that defendant struck the deceased with a knife in his hand which the defendant thought was closed, and that defendant did not intend to kill the deceased.

[1, 2] One Pesnell, a witness for the state, testified that he saw the defendant about two minutes after the cutting, and ran after him about a quarter of a mile, but did not catch him until the next morning, that witness was chief of police at that time and put defendant under arrest; and, after proper predicate was laid, witness stated that defendant, while under arrest, in the presence of his (defendant's) father, asked witness if Brown Oaks was dead and witness said he was, that defendant replied he hated it, that he (Brown Oaks) was the best friend he had.

Defendant made timely objection to each of the questions and moved to exclude the answers because they were illegal, incompetent, inadmissible, and not voluntary, and the defendant was under arrest. Confessions to be admissible must be voluntary, and that they were voluntary must appear. Green v. State, 168 Ala. 90, 53 South. 286.

Statements made by the defendant to an officer just after his arrest, with reference to the homicide with which he was charged, which are shown to have been made without any threats or inducements on the part of the officer or any one else present, are voluntary and admissible in evidence as confessions. Jones v. State, 137 Ala. 12, 34 South. 681; McQueen v. State, 94 Ala. 50, 10 South. 433.

The mere fact that confessions were made by a defendant while under arrest does not render them inadmissible. Green v. State, supra; McElroy v. State, 75 Ala. 9.

[3] Counsel for appellant in his brief refers to the defendant as a 15 year old boy; but the evidence showed that the defendant was 16 years of age at the time of the homicide, and that his father was present when he made the statement to the witness Pesnell, and clearly does not fall within the provisions of section 6464, Code 1907, as amended by an act of the Legislature (Acts 1915, p. 577, § 14), that confessions of a child under 16 years of age shall not be admissible against the child in any court or proceedings whatever.

[4, 5] Clifford Thompson, a witness for the state, testified that when he saw deceased was cut he took him by the arm and started to the doctor's office and caught defendant and took the knife away from him. Witness testified that this "was right there at the same time" of the difficulty. Evidence describing the details of what occurred at the time of the fatal difficulty constituting one continuous transaction is admissible as part of the res gestæ of the difficulty. 4 Michie's Ala. Dig. p. 138, § 214. Likewise the statement of Earl Rice that he "told Tompkins to get away, that Riley (the defendant) had a knife in his hand," made immediately before the fatal blow was struck, was admissible as of the res gestæ.

[6] The defendant was asked by his counsel on direct examination, "Did you intend to cut Oaks on this occasion?" There was no error in the ruling of the court sustaining objection to the question. A defendant may not be allowed to state in his own behalf the uncommunicated motive or intention with which he did an act. Granberry v. State, 182 Ala. 4, 62 South. 52; 5 Mayf. Dig. p. 397, § 568.

[7] Charges 1, 3, 4, 5, 7, 10, 11, 12, 13, 18, 23, and 24, refused to defendant, are not predicated on the evidence and were properly refused. Edwards v. State, 205 Ala. 160, 87 South. 179.

[8] Charge 2 is fairly and fully covered by the oral charge of the court as follows:

"If he struck, thinking his knife was shut, not intending to kill or hurt, but merely struck back and offered force that had been offered to him, and if that is all he did then he would not be guilty of manslaughter in the first degree, but might be guilty of manslaughter in the second degree."

[9] Charge 6 was properly refused. It is not predicated on the evidence; it hypothesizes self-defense in general terms, and omits to set out the constituent elements of self-defense. Roden v. State, 97 Ala. 54, 12 South. 419; Gilmore v. State, 126 Ala. 20, 28 South. 595.

[10, 11] Charges 8, 9, 20, 22, 26 are fairly and fully covered by the oral charge of the court. Charges 14, 25, 27 are abstract.

There was no evidence that deceased was a man of bad character. Charge 15 was properly refused.

The law does not require that the evidence to justify a conviction shall exclude every hypothesis but that of defendant's guilt, but only every other reasonable hypothesis. Little v. State, 89 Ala. 99, 8 South. 82; 1 Mayf. Dig. p. 173, par. 17.

[12] Charge 16 is faulty in that it requires an acquittal if any one of the jurors has a reasonable doubt, etc., of the guilt of the defendant. Goldsmith v. State, 105 Ala. 8, 16 South. 933; Pickens v. State, 115 Ala. 42, 22 South. 551.

[13] Charges 17 and 19 (the affirmative charge for defendant) were properly refused, as there was a conflict in the evidence and there was ample evidence to justify a conviction.

[14, 15] Charge 21 is faulty in requiring a finding by the jury that the defendant acted from previous malice before they could convict of murder. Malice at the time of the killing is all that is required, and may be presumed if the killing was intentionally done with a deadly weapon, unless the evidence which proves the killing shows the excuse or extenuation. 1 Mayf. Dig. p. 653, par. 11.

The court did not err in refusing the motion for a new trial.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.