Appellant was convicted of robbery and sentenced to imprisonment for ten years.
Observing that the appellant was under the age of twenty-one years and that he had not been informed of his right to petition for arraignment under the Youthful Offender Act, appellee moved that the case be remanded for compliance therewith. Code of Alabama, Recomp. 1958, Title 15, §§ 266 (1)-266 (6). On February 3, 1976, we remanded accordingly, and on March 24, it was officially certified to this court that the trial court had denied defendant's application for treatment as a youthful offender. The denial was discretionary with the trial court, and we now proceed to a consideration of the appeal on its merits.
At approximately 11:00 P.M. December 14, 1974, a robbery occurred at Lazenby Service Station on the lower Wetumpka Road in Montgomery. The testimony of Johnny Oates, an employee of the service station, was to the effect that an automobile containing three young black men drove up to the station and the driver ordered two dollars worth of gas; the passenger in the front seat got out of the car and raised the hood; appellant, who had been riding in the back seat, went to a telephone booth. The front seat passenger thrust a gun in Oates' face and said: "Give it here, son of a b . . . h." Oates seized the gun and poured gas on the man with the gun. The two men struggled and the gun went off, scorching Oates' shirt. The pistol was *Page 49 
wrested from Oates by the front seat passenger, who also obtained Mr. Oates' wallet containing one hundred and twenty dollars. Appellant did not take part in the actual struggle, but according to Oates he ran "back and forward to the front through that little alley" and said "Hurry up and let's go. Hurry up and let's go." Both passengers returned to the automobile and went away in it. Mr. Oates obtained a rifle and fired a shot at them as they left.
Officer George Leak, of the Montgomery Police Department, testified that on December 28, 1974, having been called in on the case, he interviewed defendant in Tuskegee. At that time, he had Leon King with him in custody. He said that he fully advised defendant of all of his constitutional rights, brought him to Montgomery in a police car, and, after arrival at Montgomery, defendant made a written statement. According to the statement, Marcellus Farrow and Leon King came to defendant's home in Tuskegee on December 14, 1974, and the three of them went to Montgomery. Marcellus attempted to get defendant to rob an all-night supermarket, but they decided against it; they turned into Lazenby's; Marcellus ordered gas and told the appellant to go to the telephone booth and pretend to be using it; Marcellus gave Leon the pistol and told him to act like he was checking the oil; Leon and the attendant started fighting and Marcellus told appellant to go help Leon. After getting the billfold, the three of them got in the car and drove away and afterwards divided the money, which appellant stated amounted to sixteen dollars; they threw the pistol and the billfold in some bushes. Leon and appellant then went to the bus station and returned to Tuskegee.
Appellant took the stand and acknowledged that he was at the scene of the crime, having gone to Montgomery on December 14, 1974, with Marcellus and Leon, but he denied that any robbery was planned or that he willingly took part in any robbery. He said that Leon had told him to go into a grocery store and "see how much he could get; but he thought it was a joke" and he went in and bought a pack of cigarettes. He later told Marcellus he had to make a phone call. They stopped at Lazenby's, and he went to the phone booth to make a long distance call to Tuskegee. After he had been in the booth a while, he realized that Leon and the attendant were fighting. He ran over to them and said, "Let's go. Let's go." They then got in the car and left. He said that the pistol that was used in the robbery was one that he had found about a month before and had "loaned" to Leon about three days before the robbery. He said that he never had his hands on any of the money, but that Marcellus gave Leon eight dollars and that Leon bought a bus ticket for defendant with three dollars and seventy-five cents of the eight dollars.
Appellant argues that the predicate for the admission of the typed statement signed by defendant and the remarks made by him before signing the statement did not meet the test of Mirandav. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and related cases. Officer Leak was interrogated extensively by counsel for defendant and counsel for the State before such evidence was admitted. A full explanation to defendant of his constitutional right to counsel even at the expense of the State, his right to remain silent is shown in writing and acknowledged by the signature of defendant. The testimony of Officer Leak and the signed statement of defendant expressly refute any promise, threat or pressure of any kind. Appellant seems to rely upon the youth of defendant, seventeen years of age, and some implication to the effect that he thought in making the statement "he was merely making a statement against" Marcellus Farrow. What he thought, however, was not developed or shown by the evidence at the time defendant's incriminating statements were admitted in evidence. After the testimony for the State had closed and while defendant was testifying on the merits of the case, his counsel brought out through him as a witness that defendant was "impressed that they were going to use it against Marcellus" and that defendant "blamed everything *Page 50 
on Marcellus." Defendant did not contend then that the impression defendant had, affected the question of the admissibility of his statements. The statements were already in evidence, the voluntariness of them having been established by express evidence, and defendant made no effort to have them excluded from the evidence after defendant's testimony to the effect that he thought his statements were to be used against Marcellus. But even if what defendant had thought had been shown prior to the court's ruling on the admissibility of the incriminating statement, it would not have been sufficient to overcome express evidence to the contrary, such as acknowledgment in writing by defendant that he had been told "that anything you say can be used against you in court." The trial court does not have to accept the testimony of defendant as to the voluntariness of a confession if there is substantial testimony by others sufficient to constitute a predicate for the admission in evidence of the confession. McNair v. State,50 Ala. App. 465, 280 So.2d 171, cert. denied 291 Ala. 789,280 So.2d 177.
That defendant was only seventeen years of age was a matter to be considered by the court in determining whether his confession was voluntary and also to be considered by the jury in deciding how much weight or credibility should be given his inculpatory statement, but the youth of an accused does not in and of itself require a rejection of a confession otherwise admissible. Elrod v. State, 281 Ala. 331, 202 So.2d 539; Martinv. State, 90 Ala. 602, 8 So. 858; Hoober v. State, 81 Ala. 51,1 So. 574; Corbin v. State, 19 Ala. App. 439, 98 So. 132, cert. denied 210 Ala. 369, 98 So. 134.
The court refused defendant's written charge as follows:
 "The Court charges the jury that there are lessor included offenses in an indictment for robbery, including the offenses of conspiracy to commit a felony, attempted robbery, receiving stolen property, larceny, assault and battery, and assault."
The abstractness of the charge justified the court's refusal of it. In addition, it was incorrect as applied to the facts of this case. According to the undisputed evidence, including the testimony of defendant himself, John Oates was robbed. It is only in cases where there is a question, according to the evidence, whether the crime, if any, is the offense expressly charged on the one hand or some lesser included offense on the other, that the trial court should give a charge relative to such lesser included offense. Taylor v. State, 48 Ala. App. 443,265 So.2d 886. In this case the only issue of fact was whether defendant criminally participated in a robbery. The charge requested was correctly refused. Wilson v. State, 268 Ala. 86,105 So.2d 66.
We find no error prejudicial to appellant. The judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment appealed from is
AFFIRMED.
All the Judges concur.