Appellant was convicted of robbery and the court sentenced him to ninety-nine years in the penitentiary. At arraignment, in the presence of retained counsel, he pleaded not guilty. After sentence was imposed, appellant gave notice of appeal. He was then found to be indigent and was furnished a free transcript, and new counsel was appointed to represent him on appeal.
The evidence was in sharp conflict as to the guilt vel non of appellant. He denied that he was guilty of the crime of robbery and sought to prove an alibi. He was supported in his alibi testimony by his girl friend. They both testified that they spent the night together on the occasion of the robbery.
Omitting the formal parts, the indictment reads as follows:
 "The Grand Jury of said County charge that before the finding of this indictment Frederick Simpson, whose name is to the Grand Jury otherwise unknown, feloniously took a mixed quantity of money *Page 264 
consisting of an indefinite number of one, five, ten and twenty dollar bills, in lawful currency of the United States of America, of a total aggregate value of $200.00, a further and better description of which is to the Grand Jury otherwise unknown, the property of John Cornelious, from his person and against his will, by violence to his person, or by putting him in such fear as unwilling to part with the same, against the peace and dignity of the State of Alabama."
Three eyewitnesses, including the victim, made positive in-court identifications of appellant as the man who robbed John Cornelious at the Cornelious Grocery in Decatur, Morgan County, Alabama, around 9:00 p.m. on October 1, 1979. Their testimony was sufficient to prove appellant's guilt beyond any reasonable doubt. Further recitation of the details of the crime would serve no useful purpose. Each element necessary to sustain a conviction for robbery was firmly established. Morrisv. State, 97 Ala. 82, 12 So. 276; Robinson v. State, Ala.Cr.App., 337 So.2d 1382; Tarver v. State, 53 Ala. App. 661,303 So.2d 161. The testimony of the victim alone was sufficient to establish a prima facie case of robbery. Arnold v. State, Ala.Cr.App., 348 So.2d 1092, cert. denied, Ala.,348 So.2d 1097.
The sole issue to be determined on this appeal is the admissibility of appellant's confession into evidence. Appellant was arrested after midnight on October 10, 1979 and taken to the Decatur City Jail where he was read his Miranda
warnings by Sergeant Edward Taylor of the Decatur Police Department. After stating that he understood his constitutional rights, appellant signed a waiver of rights form at 2:40 a.m. Appellant then signed a written confession admitting his guilt in the robbery at 3:17 a.m. Appellant's confession was witnessed by Sergeant Taylor and Sergeant Bill Davis. Sergeant Taylor's voir dire testimony also established the proper voluntariness predicate for the admission of appellant's confession.
Appellant's testimony on voir dire as to the voluntariness of his confession was conflicting. Appellant testified he was promised he would be helped in receiving a "light sentence and not let my probation officer in Moulton know about it" if he would "go and admit it."
Where the evidence on the circumstances surrounding a confession is conflicting on voir dire, the trial judge must decide on its admissibility. If the confession is admitted, controverted testimony for the accused goes to the jury on its credibility. McBryar v. State, Ala.Cr.App., 368 So.2d 568, cert. denied, Ala., 368 So.2d 575; Taylor v. State, Ala.Cr.App., 337 So.2d 1368. Where the trial court finds on conflicting testimony that the confession was voluntarily made, that finding will not be disturbed on appeal unless it is palpably contrary to the weight of the evidence. Morgan v.State, Ala.Cr.App., 363 So.2d 1013. Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the trial court's ruling as to voluntariness of a confession need only be supported by substantial evidence and not to a moral certainty. Taylor v.State, Ala.Cr.App., 361 So.2d 1189. A voluntariness predicate laid by the State is sufficient to show prima facie that a confession was made voluntarily. Walker v. State, 269 Ala. 555,114 So.2d 402. The trial court is not required to accept the testimony of the defendant as to the voluntariness of a confession if there is substantial testimony by others sufficient to constitute a predicate for the admission in evidence of the confession. Bradley v. State, Ala.Cr.App.,337 So.2d 47.
Appellant's confession was then read to the jury and is as follows:
 "Voluntary statement under arrest. Date: October 10, 1979. Time: 2:55 A.M. Place: Decatur Police Department. I, Frederick Lamar Simpson, am twenty-one years of age and my address is P.O. Box 176, Hillsboro. I have been advised and duly warned by Edgar D. Taylor, who has identified himself as a police officer, of my right to the advice of counsel before making any statement, and *Page 265 
that I do not have to make any statement at all, nor incriminate myself in any manner. I hereby expressly waive my right to the advice of counsel, and voluntarily make the following statement as to the aforesaid person, knowing that any statement that I make may be used against me on the trial or trials for the offense or offenses concerning which the following statement is herein made. I declare that the following statement is made of my own free will without promise of hope or reward, without fear or threat of physical harm, without coercion, favor or offer of favor, without leniency or offer of leniency, by any person or persons whomsoever.
 "This is being written by Edgar Taylor, but the words are my own. At the first of last week I was with Glenn Hill and Frederick Birgan. We were in Glenn's car. We decided to rob Ken's Market. Frederick Birgan had a .22 pistol. I got out of the car and went in the store to rob it. When I went in there was one or two people inside. I pointed the gun at the boy behind the cash register and told him to give me the money. He took some bills from the cash register and gave them to me. I got about $125.00 from the store. I ran out of the store. I went to the right and then back behind the store. I made my way back to my aunt's house and changed clothes and left the gun and money. I had got some food stamps, about $50.00 worth, when I got the money from Ken's Market. I spent the money on beer and whiskey for me and Neely Gray and Frederick. I found out that my father had got the gun and money from my aunt's house. I told him the gun was mine and that I had won the money gambling. I got the money and the gun back from him. I gave the pistol back to Frederick that same day. I used the pistol I got from Frederick when I got the money. Frederick and Glenn were supposed to pick me up after I robbed the store, but I didn't go back to where they were.
 "I have read this statement consisting of two pages, and I affirm to the truth and accuracy of the facts contained therein.
 "This statement was completed at 3:17 A.M. on the 10th day of October, 1979."
Based on all the surrounding facts and circumstances we find no abuse of discretion in the trial court's admitting appellant's confession into evidence.
We have searched the record, as required by law, for errors injuriously affecting appellant's substantial rights and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.